The State on the relation of Sprague and Others *v.* Carter.

A justice of the peace, under the R. S. 1843, could render a valid judgment against a defendant sued out of his proper township, if such defendant, having been served with process, did not appear and plead to the jurisdiction.

Nov. Term,
1854.

The State
v.
Carter.

In a suit on the bond of a justice of the peace for his refusal to account for money collected, it appeared that he had officially received a note for collection from the relators, had collected it, and refused to account for the proceeds. *Held*, that it must be presumed, *prima facie*, against him and his sureties, that he had the right to give the receipt officially, and that his act was legal.

Friday,
December 15.

ERROR to the *Hendricks* Circuit Court.

Hovey, J.—Debt on a justice's bond against *James Dugan* and *Carter*. *Dugan* was not found. There are several breaches in the declaration, to some of which demurrers were filed and sustained; but as the issues upon which the case was tried fully embrace the subject-matter in controversy, it is deemed useless to pass any opinion upon the pleadings.

The facts, as shown by the bill of exceptions, are as follows:

*Dugan*, as justice of the peace of *Centre* township, in *Hendricks* county, received a note of *A. W. Sprague & Co.*, for which he executed and delivered the following receipt:

"Received of *A. W. Sprague & Co.* a note drawn by *Benjamin Davis* for 22 dollars and 50 cents, dated *May* 20th, 1845, at ten days' sight. *Danville, February* 26th, 1846. *James Dugan*, J. P."

*Dugan* collected the note in 1846, without suit. It is admitted that *Davis* was not at any time a resident of *Centre* township, but that he resided in *Brown* township, in said county. *Sprague & Co.* demanded the amount collected, but *Dugan* failed to pay. There is also included in the declaration a claim of 3 dollars and 19 cents, about which there is no controversy, and for which judgment was rendered for the plaintiff below.

The only question is, whether *Carter*, as surety on the bond, is liable for the amount of the note collected?

It is contended that the justice of the peace would have had no jurisdiction in a suit on the note, as the payor did not reside in *Centre* township.

This position can not be sustained. The 4th section, R. S. 1843, p. 863, does not necessarily destroy the jurisdiction of justices of the peace in cases like this. The

defendant is not compelled to answer out of his township except in certain cases specified in that section; but unless he appear and plead to the jurisdiction after being duly served with process, the justice would have the power to render judgment against him. As *Dugan* receipted for the note as justice of the peace, it will be presumed against him and his surety that he had the power to give the receipt as such, and that his act was legal, until the contrary is shown. There may have been no justice of the peace in *Brown* township capable of trying the cause, and, if not, he would have had jurisdiction.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. C. Nave*, for the state.

*J. S. Harvey* and *J. M. Gregg*, for the defendant.