*New-Haven,*
June, 1815.

DOAN *against* SMITH.

*A.* and *B.* being jointly interested in certain notes executed by *C.*, *A.* appointed *D.* his agent and attorney, with power of substitution, to collect such notes, and to compound with *C.* respecting them. *D.* appointed *E.* his substitute, who received of *C.* in satisfaction of his notes, a note executed by *F.*, and gave up *C.*'s notes to be cancelled. *E.* afterwards collected about one half of *F.*'s note, and took a new note for the balance; and then failed, with the money collected of *F.* in his hands. A small part of the last mentioned note was afterwards paid to *D.* who paid it over to *A.*; and this was

THIS was an action on a promissory note for 187 dollars 50 cents, dated *April* 12th, 1804. The following condition was annexed to the note at the time of executing it: " Whereas *C. W. Goodrich* of *New-York* has had the collection of the notes *Charles Magill* gave for the sloop *Hebe,* and has, as we suppose, secured 750 dollars on said notes, in *Wilmington,* of which Capt. *Hezekiah Smith* [the defendant] owns one quarter: Now it is agreed, that if the said 750 dollars is secured to me, or collected by said *C. W. Goodrich,* within one year from this date, then the above note is to be null and void; and also, if any part of the above is collected, one fourth part so collected is to apply on the said note." [Signed by the plaintiff.]

The cause was tried at *Middletown, December* term, 1814, before *Trumbull, Baldwin* and *Ingersoll,* Js.

The following statement of facts was agreed to by the parties. The plaintiff and defendant were jointly interested in *Magill's* notes given for the *Hebe,* the plaintiff's share being three fourths, and the defendant's one fourth. On the 4th of *March* 1800, the plaintiff delivered these notes to *Goodrich,* and at the same time gave him a letter of attorney, with power of substitution, authorizing him to collect the notes, and to compound and agree with *Magill* respecting them, and to do all other acts regarding them, as fully as the plaintiff himself could do. By virtue of this power of substitution, *Goodrich,* on the 13th of the same month, delivered over the notes to *George Gibbs* of *Wilmington, North-Carolina,* and invested him, by a letter of attorney, with all the powers which he had himself. On the 30th of *May* following, *Gibbs* received of *Magill,* in full satisfaction of his notes, which were delivered up to be cancelled, a note executed by one *John M'Clellan* for the sum of 784 dollars 25 cents. *M'Clellan* soon afterwards paid *Gibbs* on this note 400 dollars. On the 20th of *April* 1801, *Goodrich* transferred the powers

all that *A.* received from *C.*'s notes. More than three years after these transactions, *B.* gave a note to *A.* for the amount of *B.*'s interest in *C.*'s notes, to which was annexed a condition that if the amount of *C.*'s notes were secured to *A.*, or collected by *D.*, within one year from that date, *B.*'s note should be void. Nothing further having taken place in relation to this subject within the year; it was held in an action on *B.*'s note, that the condition was not fulfilled, and that the plaintiff was entitled to recover.

*New-Haven,*
June, 1815.

Doan
*v.*
Smith.

which he had given *Gibbs* from him to *Isaacs & Bishop* of *Wilmington*, and authorized them to receive of *Gibbs* the *M'Clellan* note, or the avails thereof. *Gibbs* accordingly delivered over the note, with the payment of 400 dollars indorsed thereon, and gave them his acceptance for 400 dollars, which was duly paid. *Isaacs & Bishop* then gave up *M'Clellan's* note, and took a new note for the balance due on the note given up, amounting to 403 dollars 80 cents. They afterwards failed, with the sum of 400 dollars received from *Gibbs* in their hands. *Goodrich* then ordered *M'Clellan's* note to be delivered to one *Barrett* of *Wilmington* for collection ; who collected on it the sum of 37 dollars 95 cents, and paid it over to *Goodrich* in *November* 1801. *Goodrich* has never received any further sum on the note.

Upon these facts the court gave judgment in favour of the defendant ; and the plaintiff moved for a new trial. The questions arising on such motion were reserved for the consideration and advice of the nine Judges.

*C. Whittelsey,* in support of the motion, contended, that the condition annexed to the note had not been performed ; and, of course, the plaintiff was entitled to recover. The condition is, that if the amount of *Magill's* notes should be secured to the plaintiff, or collected by *Goodrich,* within one year, the defendant's note should be void. By the statement of the case it appears, that this money has never been *secured* or *collected,* but was lost, except a small sum, long before the date of the defendant's note. The question then is, whether the plaintiff must suffer the whole loss, or whether it must be the joint loss of the parties interested. As to this property, the plaintiff and defendant were partners ; the plaintiff being the acting partner, and the defendant the dormant one. If the law of partnership is to govern, the result is obvious. The general principles of justice will lead to the same result. *Goodrich* was the agent of both parties ; and his acts are as much the acts of the defendant as of the plaintiff. Suppose the defendant had given no note, but had brought an action against the plaintiff for the amount of his interest in *Magill's* notes ; could he recover ? Does the defendant now stand on more favourable ground for subjecting the plaintiff to the whole loss than he would in that case ? It appears, that *Goodrich,* and his substitutes, in

*New-Haven,*
*June, 1815.*

Doan
*v.*
Smith.

1800 and 1801, had made considerable efforts to obtain payment or security ; but their efforts proved unsuccessful ; and in 1804, the debt was desperate, and ever since has been. Nor is any fault imputable to the plaintiff. He has done nothing, and there has been nothing for him to do, since the execution of the defendant's note in 1804 ; when *Goodrich* was recognized by both parties as their joint agent.

*Staples* and *Clarke,* contra, insisted that *Goodrich, Gibbs* and *Isaacs & Bishop* were the agents and attorneys of the plaintiff, appointed by him solely ; and that they and all their transactions were entirely unknown to the defendant. It follows as a legal inference, that every act of theirs is the same as if it had been the personal act of the plaintiff : that is, the giving up *Magill's* notes, and taking *M'Clellan's,* without the consent or co-operation of the defendant, has the same legal effect as if the plaintiff had done it personally. Now, the legal operation of this transaction was the *security* and *payment* specified in the condition of the defendant's note. The delivering up a note or bill, and receiving another in lieu of it, is equivalent to payment. *Evans* v. *Drummond,* 4 *Esp.* 92. *Anderson* v. *Henshaw,* 2 *Day's Ca.* 272. On the facts stated in the case, the present defendant could sustain *indebitatus assumpsit* against the plaintiff for his share of the *Magill* notes, as for money had and received. *Floyd* v. *Day,* 3 *Mass. Rep.* 403.

Further, the second note of *M'Clellan* for 403 dollars 80 cents must be deemed paid, on the principle that if a bill is taken in payment, it shall be presumed to be paid, unless the contrary is shewn. *Hebden* v. *Hartsink,* 4 *Esp.* 46. And as to the residue of the money, it was collected by *Isaacs & Bishop,* the agents of the plaintiff, and lost in their hands ; which is of the same operation as though it had been collected by the plaintiff himself.

The condition of the note in suit is no ratification of what the plaintiff had done by his agents ; for the defendant, at that time, was ignorant of what had been done.

SWIFT, Ch. J. The plaintiff had right to appoint an agent to collect the notes against *Magill ;* and when this note was executed, the defendant ratified what had been done by the plaintiff. *Goodrich* is, therefore, to be considered as the

*New-Haven,*
June, 1815.

Doan
*v.*
Smith.

agent of both parties. At this time, all the proceedings respecting the collection of the notes against *Magill* had taken place which now appear; but they were not known to the parties. The condition of the note was, that if the money due from *Magill* were secured to the plaintiff, or collected by *Goodrich*, in one year, the note was to be void. From the facts stated and agreed to by the parties, it appears that the money has never been secured or collected. Of course, the condition has not been complied with; and as *Goodrich* was the agent of both, any act done by him cannot subject the plaintiff to the loss of the whole debt, and operate as a payment of this note.

The evidence is not sufficient to support the evidence in favour of the defendant, and a new trial ought to be granted.

In this opinion EDMOND, SMITH, BRAINARD and GODDARD, Js. concurred.

TRUMBULL, J. dissented.

BALDWIN, J. also dissented. He expressed his opinion in substance as follows. From the facts in this case it appears that the plaintiff had the controul of *Magill's* notes, in which the defendant had an interest to the amount of the note now in suit; and that the plaintiff, by his agents, gave up and cancelled those notes without any authority from the defendant. This as to the defendant's part is payment, and fulfils the condition. If the ordinary course of collection had failed, the defendant must have shared the loss; but the plaintiff could not cancel or compromise *Magill's* debt, without making himself responsible to the defendant. His agents could have no greater powers. I am, therefore, of opinion that a new trial ought not to be granted.

INGERSOLL, J. was of the same opinion with Judge *Baldwin*.

HOSMER, J. gave no opinion, having been of counsel in the cause.

New trial to be granted.