## Case No. 8,699.

### McCLINTICK v. CUMMINS.

[3 McLean, 158.] [1]

Circuit Court, D. Indiana. May Term, 1843.

DURESS—STRANGER—NOTES—LEX FORI—VOID ASSIGNMENT—LEX LOCI.

1. Duress cannot be pleaded by a stranger.
[Cited in Robinson v. Gould, 11 Cush. 58; Griffith v. Sitgreaves. 90 Pa. St. 165; Harris v. Carmody, 131 Mass. 54; McCormick

[1] [Reported by Hon. John McLean, Circuit Justice.]

Harvesting-Mach. Co. v. Hamilton, 73 Wis. 494, 41 N. W. 730; Taylor v. Cottrell, 16 Ill. 95; Osborn v. Robbins. 36 N. Y. 372; Schee v. McQuilken, 59 Ind. 279; Patterson v. Gibson, 81 Ga. 802, 10 S. E. 11.]

2. Negotiable notes being executed in Indiana, payable at the Bank of Madison. in that state, if assigned in Pennsylvania, to an unauthorised banking association. the assignee cannot sustain an action in Indiana.

3. The lex loci. governs the contract of assignment. and also the original contract. And as an assignment to an unauthorised banking association is void in Pennsylvania. it gives no right to the assignee in that or any other state.

[This was an action at law by John McClintick against David Cummins. It was first heard upon demurrer (Case No. 8,700), and subsequently upon defendant's notice annexed to his plea of general issue (Case No. 8,698). A jury was waived, and it is now heard upon the pleadings and evidence as before the court.]

Mr. Stevens. for plaintiff.
Mr. Bright, for defendant.

OPINION OF THE COURT. This suit is brought by the plaintiff as assignee of two promissory notes of seven hundred fifteen dollars and five cents each. The defendant pleaded, 1. Non assumpsit, and 2. Duress, &c. The plea of duress is founded on the following facts: J. D. Johnston was indebted to Riley & Van Amrige, of Philadelphia. in the sum of three thousand dollars, for which two notes, signed by himself and Anderson & Shipley, of Ohio, were given. Van Amrige made a charge on oath against Johnston, that he had committed larceny, by stealing a certain number of hogsheads of tobacco, which had been pledged to Riley & Van Amrige, and that the said Johnston was a fugitive from justice. The governor of Pennsylvania demanded Johnston from the governor of Indiana, under the act of congress, and duly authorized Van Amrige, as the agent of the state of Pennsylvania, to act in the premises. On the exhibition of his authority by Van Amrige to the governor of Indiana, he issued his warrant on which the sheriff of Jefferson arrested and imprisoned Johnston. While thus imprisoned, a contract was entered into between Van Amrige and Johnston, and Cummins, the defendant, under which the note sued on was given by Johnston, and Cummins as his security. After this arrangement Johnston was released from imprisonment and permitted to go at large. The excuse for not taking him back to Pennsylvania was. that no provision had been made by that state to pay the expenses.

On these facts it is contended, that the note was given under duress of imprisonment by Johnston the principal, and that if this be so, Cummins, signing as security, under the circumstances, may avail himself of the same plea. In support of this ground, that the surety may take advantage of the duress of the principal. the following authorities were cited: 1 Bac. Abr. 13; 2 Bay, 211; 2 Strange.

916; 1 Conn. 356. It is not necessary to decide this point, as from the facts, it does not appear that the imprisonment of Johnston was unlawful, or that he was detained, until he executed the notes. In Bac. Abr. "Duress, B," it is laid down that "the duress which will avoid a deed must be done to the party himself; therefore if A and B enter into an obligation, by reason of duress done to A, B shall not avoid this obligation, though A may, because he shall not avoid it by duress to a stranger." 1 Rolle, Abr. 687, Mantle and Wollington, Cro. Jac. 166, S. P. adjudged, and that the bond may stand good as to one, and be avoided as to the other. The father and son may each avoid his obligation by duress of the other; and so a husband may avoid his deed by duress of his wife. As regards the defendant, he signed the notes deliberately, receiving at the same time an indemnity, by the assignment to him of certain notes, which exceeded the sum for which he became responsible. There is, therefore, no pretence that he acted under duress at the time he signed the notes in question. The fact of the abandonment of the prosecution by Van Amrige, would seem to afford ground for a suspicion, that it was resorted to with the view of compelling Johnston to give security for the debt; but the evidence does not establish this fact. There was no agreement that on executing the notes Johnston should be released, or that the prosecution should be abandoned. A want of funds was the reason assigned why the prisoner was not taken to Pennsylvania. The proceedings under which the arrest was made, were regular, under the act of congress.

The great question in the case is, as to the right of the plaintiff to sustain this action, as assignee of the notes. He is proved to be secretary of the "Saving Institution" of Philadelphia, which is not incorporated. The payees of the notes assigned them to Ellis, and he assigned them to the plaintiff. On one of the assignments, "P. City Saving Institution," is named, but McClintick is not designated as acting for that institution. It is proved that the notes were discounted by that institution. Were these assignments inhibited by the law of Pennsylvania; and if so, could a recovery have been had under them in that state? In the case of Collins v. Smith [6 Whart. 294], decided in 1841, by the supreme court of Pennsylvania, the court held that, "the Schuylkill Savings Institution," an institution similar to the one above named, "was an unincorporated banking association." That the act of 1810, "forbade unincorporated banks to issue their notes; to lend money on business or accommodation paper; to receive it on deposit; or to do any other act which an incorporated bank may do." And the court adjudged that a note given to the treasurer of such an institution was void. Under this decision a note discounted by such an institution, and assigned to its secretary or cashier, must also be void, under the laws of Penn-

sylvania. And here the question arises, whether the assignment in question is governed by the laws of Pennsylvania.

By the plaintiff's counsel it is earnestly contended, that the notes having been executed in Indiana and payable there, must be considered as Indiana contracts, and governed by the laws of that state. That the assignment of the notes in Pennsylvania was made in reference to the place of payment, and must be governed by the Indiana law. That these contracts in their creation and performance were governed, and are to be decided by, the law of Indiana, is undoubted. But the assignments in Pennsylvania do not come under the same rule. Every assignment of a negotiable instrument is a new contract between the assignor and the assignee, and is governed by the law of the place, where it was made. All the properties given to the bills or notes by the laws of Indiana at the time they were executed, will attach to them, wherever they may be taken or negotiated. As, for instance, if the bills or notes were not negotiable by the laws of Indiana, they would be negotiable no where. The law of the place where the contract is made must determine its character, though suit be brought on it in another state, where the law is different. This principle is illustrated in a case where a negotiable bill of exchange is drawn in Massachusetts, on England, and is indorsed in New York, and again by the first indorsee in Pennsylvania, and by the second in Maryland. The bill was dishonored. And the question arose, what amount of damages the respective indorsers were liable for. In Massachusetts, the damages were ten per cent.; in New York and Pennsylvania, twenty per cent.; and in Maryland, fifteen. And the court held that each indorser was liable under the law of the place where the indorsement was made. This is in conformity with the rule above stated, that the lex loci governs the contract. "The drawer and indorsers do not contract to pay the money in the foreign place where the bill is drawn; but only to guaranty its acceptance and payment in that place by the drawee; and in default of such payment, they agree upon due notice to reimburse the holder, in principal and damages, at the place where they entered into the contract." Potter v. Brown, 5 East, 123, 130; Hicks v. Brown, 12 Johns. 142; Powers v. Lynch, 3 Mass. 77; Story, Confl. Laws, §§ 314, 315.

By the laws of France, a blank indorsement of a promissory note does not transfer the property of the note, and is treated as a mere procuration. An indorsement there must state its date, the consideration, and the name of the assignee. A note indorsed in blank in France, was sued on in England, and the court held, as the assignment did not pass the property in the note where it was made, it did not entitle the assignee to bring an action in England; although the assignment, if made in England, would have been good. Trimbey v. Vignier, 1 Bing. N. C.

151, 158. Every assignment of a negotiable instrument, as between the parties to that assignment, is subject to the law of the place where the contract of assignment is made; and if by such law the assignment was void, as against law. the assignee can exercise no right under such a transfer, in the state where it was made, or in any other state or country. The contract of assignment is not, as the counsel supposes. an Indiana contract, nor that the assignor will perform a duty in Indiana; but that if the drawers of the notes there shall fail to pay them, on demand and notice, such being the law of Pennsylvania, he will pay the notes. Now this is a very different contract from that made by the original parties to the notes; and as it was made in a different state. must be subject to the law of that state. And as it appears, by the decision of the supreme court of Pennsylvania, that the assignment to the plaintiff was void, he cannot sue by virtue of it in this court.

These questions having been submitted to the court, and a jury waived. the court think that the plaintiff must suffer a non suit. Non suit entered.