Stacy Taylor, Plaintiff in Error, v. Gilbert Cottrell and Madison Marcum, Defendants in Error.

ERROR TO MADISON.

To establish duress, it is necessary to show an unlawful imprisonment, or abuse of, or oppression under, lawful process.  The motive, and the degree of influence exercised upon the party under duress, are to be taken together, and from these, duress is determined as a conclusion of fact.

If a party is pursuing a legal redress of private wrongs, or protection from public wrongs, in good faith, against another, and *that other assents to a just satisfaction*, in consideration of a release, this shall not be intended as duress, to avoid his act.

This cause was tried by Underwood, Judge, without the intervention of a jury, at September term, 1853, of the Madison Circuit Court.  Verdict and judgment for the defendants. Plaintiff below brought the cause to this court.

J. and D. Gillespie, for Plaintiff in Error.

J. H. Sloss, for Defendants in Error.

Scates, J.   Assumpsit upon a note for $176.50, against Cottrell and Marcum.   Under the general issue, the defendants set up, as a defense, that the note was obtained by duress of Cottrell, and the court found for defendants, accordingly.

We are of opinion that the facts do not warrant the finding, and will briefly allude to the testimony in support of the judgment of reversal.

Cottrell sold a wood boat, called the Star Boat, lying in the St. Louis harbor, to A. Polly, and afterwards, without disclosing the sale to Polly, again sold the boat to Taylor, for $156.50, its full value, and executed a bill of sale with warranty against all claims.

Polly replevied the boat of Taylor, and recorded it before the law commissioners' court in St. Louis. Taylor caused Cottrell to be arrested upon a warrant from a justice in St. Louis, for swindling or cheating him in the sale of the boat.

· While he remained in the custody of the constable, Cottrell executed this note, with Marcum as surety, after being accompanied by the constable to several places for the purpose of obtaining some one to become surety. After the note was given, Cottrell was discharged from custody, by Taylor's direction, and without a trial on the ·charge in the warrant. No witness testifies to the consideration of the note, though they heard mention made of the boat, by the parties, during these transactions.

We cannot doubt that the consideration of the note was the money due from Cottrell to Taylor for the boat, and twenty dollars to cover his expenses in defending against the replevin. Taylor had a *bona fide* demand against Cottrell, and we cannot regard the amount of this note as exorbitant, extortionate or oppressive, under the proofs in the record; nor should we indulge in a presumption that the warrant was procured, or abused in its execution, to enhance the amount. Had there been no just demand, or fair pretense of a just demand, a different intendment might be indulged, in seeking for and determining upon the motives of Taylor's conduct in procuring a warrant. But the evidence discloses a state of case which might justify his appeal to the criminal law for protection; and while pursuing that public redress, we are not prepared to say that he cannot receive the private satisfaction due him from Cottrell, on his contract. Imprisonment is, by no legal intendment, an abridgment of the free and voluntary volition of the mind, in the management of business transactions. It is, therefore, not sufficient, to establish duress, to show an imprisonment. It is necessary to show an unlawful imprisonment, or abuse of or oppression under lawful process or legal detention. The motive and intention of the plaintiff or prosecutor, or other person who may use, or seek to use, the process of the law, or the imprisonment as a means, motive or consideration to influence, in connection with the fact or degree of influence thereby exer-

cised upon the party, are to be taken and considered together, and from the whole, thus presented, we determine the duress as a conclusion of fact.

In the case of *Thompson* v. *Lockwood*, 15 John. 256, the imprisonment was unlawful, and the bond being taken by a public officer, *colore officii*, was void for want of right or authority in the officer, although worded according to the statutory form. Being contrary to the policy of the law, it was adjudged void as to the surety also, and not good as a voluntary bond at common law.

The chief distinction under the rule seems to be between a lawful and unlawful imprisonment. The latter shall be intended a duress to avoid a bond given for enlargement. 3 Bacon's Abridg., title "Duress," 252 ; 4 Harrington, 311.

But where the imprisonment is lawful, the party alleging the duress, must show how it is made to operate upon and influence his mind by constraint to assent to, and do acts contrary to right and justice. 3 Bacon's Abridg., title "Duress," 252–5 ; 4 Harrington, 311. And this may be done by false, malicious and groundless demand, or charge of crime for which the party may be arrested, and forced to execute the instrument to procure his release, as in the case of *Watkins* v. *Baird*, 6 Mass. 506 ; 3 Bacon's Abridg., title "Duress," 253.

When the plaintiff or prosecutor is *bona fide* pursuing legal redress of private wrongs, or protection from public wrongs, and the defendant assents to a just satisfaction in consideration of a release, this shall not be intended as duress to avoid his act. So it was ruled in *McClintock* v. *Cummins*, 3 McLean, 158 ; *Crowell* v. *Gleason*, 10 Maine, 325, on a prosecution to keep the peace ; *Waterman, Jr.* v. *Barrett*, 4 Harrington, 311.

The evidence failing to satisfy us of the false, malicious or illegal imprisonment, or that the consideration of this note was a discharge from it, by compounding the charge, and not a just satisfaction of Taylor's equitable claim, we are of opinion that the judgment should be reversed as to both defendants, and need not examine how far Marcum might be bound by a transaction void as to Cottrell for duress.

Judgment is reversed and cause remanded for a new trial.

*Judgment reversed.*