## DAVID L. TAYLOR

*v.*

## JOHN D. BLAKE.

In an action to recover goods alleged to have been obtained by duress of imprisonment, where the plaintiff shows an arrest by an officer on process *prima facie* valid, it is incumbent on him to set up and allege also, the *facts showing* the illegality of the imprisonment.

This action was brought in the District Court for Olmstead County, to recover certain promissory notes, demands and obligations alleged to have been obtained from Alexander F. Taylor, by duress, and afterwards assigned, transferred and set over by said Taylor to the plaintiff. A demurrer was interposed to the plaintiff's complaint on the grounds "that the same did not state facts sufficient to constitute a cause of action. That there was a defect of parties plaintiffs."

The demurrer was sustained by the court below, and judgment entered for the defendant. The plaintiff appeals to this court. The material portions of the complaint are set out in the opinion of the court.

CHARLES C. WILLSON, for appellant.

I. Although it is more consonant to the principles of sound policy and justice, that whenever money or property has been delivered over under an immoral or illegal compact, that it be adjudged to be delivered back again, than, by denying all remedy, to give effect to the illegal and immoral agreement, yet it is conceded that the weight of authority is otherwise, and that when two parties agree in violating the laws of the land, or in the commission of an offence, *malum in se*, the court will not entertain the claim of either party against the other, to recover back money or property advanced to further the illegal design. Chitty on Cont. Chap. 4, Sec. 1, Sub. 2, of contracts affecting the course of justice, 5th Am. Ed., 673; *Bartle v. Coleman*, 4 Peters U. S. Rep. 184; *White v. Franklin Bank*, 22 Pick. R. 181; *Perkins v. Savage*, 15 Wend. R. 412. But it is also the law that a contract made by a party under compulsion, is voidable at his election, because *consent* is of the essence of the contract. Duress of imprisonment renders void all contracts, and such duress exists whenever:

1st. The arrest was without lawful authority. *Tilley v. Damon*, 11 Cushing R. 247; 1 Parsons on Cont. Ch. 20, Sec.

4, 4th Ed., page 319, Note *d*.    2d.  When the arrest being lawful, the detention afterwards becomes tortious and unlawful. *Thompson v. Lockwood*, 15 John. R. 256; 2 Greenl. on Ev. Secs. 121, 302; 1 Story Eq. J., Sec. 239 and notes.    3d.  When the arrest and detention are for just cause and under lawful authority, yet were made and procured for unlawful purposes, and to obtain money or goods by the aid of criminal process. *Severance v. Kimball*, 8 N. H. R. 386; *Richardson v. Duncan*, 3 N. H. R. 508; *Watkins v. Baird*, 6 Mass. R. 506; Chitty on Cont. Chap. 2, Sec. 1, Subd. 10, 5th Am. Ed. pages 206–7.

II.    When property or money is obtained by duress, and as part of the transaction, a contract is made between the aggressor and the victim, compounding a felony, no legal blame attaches to the party coerced, for both the contract and the delivery of the goods are alike tainted with the fraud and violence of the oppressor; and he alone is culpable in the eye of the law.    The necessary ingredients of crime, voluntary assent and the felonious intent, are wanting on the part of the party despoiled.

To assail and kill a man is murder, but to shoot an aggressor in self-defense is justifiable homicide.    To compound a felony is a crime, but to submit to extortion, commended to one under duress, as the only means of escaping conviction for felony, involves no moral turpitude; and it would be a reproach to the law to take no account of the difference in the two circumstances.    *Worcester v. Eaton*, 11 Mass. R. 368; *Ib.*, 13 Ib. 371; *Eadie v. Slimmon*, 26 N. Y. 9.

In *Worcester v. Eaton*, 11 Mass. 368, it is held that a deed given to compound a felony would not be set aside, both parties being *in pari delicto potior est conditio defendentis*.    But the court held, (page 379,) notwithstanding the compounding of the felony, that duress of imprisonment, or threats of imprisonment, would avoid any deed, or other instrument, extorted by such means; and ordered a new trial on that ground.    A new

trial was had, and the duress established, and the case came again before that court in 13 Mass. R. 371, and the deed was then held void, for duress of imprisonment, notwithstanding it had been given to compound a felony, and had on the former occasion been sustained on that ground by the same court.

III. The imprisonment of Alex. F. Taylor for forty-eight hours in the common jail, under the warrant, was unlawful and tortious; because,

1st. Walter S. Booth, justice of the peace, had no jurisdiction whatever to issue such a warrant, returnable before himself. City Chart. Rochester, Sp. L. 1858, page 254; Amendment to same, Sp. L. 1860, page 81; Sp. L. 1863, page 191, Sec. 5; State Const., Art. VI., Secs. 1, 8 and 9; *Sill v. Village of Corning*, 15 N. Y. page 297.

(a) The city charter (Sp. L. 1858, page 247, Chap. II) provides for the election of one city justice of the peace, "who shall be styled 'City Justice.'" Also for the election of one justice of the peace in each ward. Chap. V., Sec. 15, page 254–5, provides that said city justice "shall have sole exclusive jurisdiction to hear all complaints, and conduct all examinations and trials in criminal cases within the city, cognizable before a justice of the peace; but warrants returnable before the said city justice may be issued in criminal cases by any justice in the city." Booth had no authority to issue a warrant returnable before himself; it should have been returnable before the city justice.

(b) But Booth was not a justice of the peace, even, as the act under which he was elected and held office was not passed by a two-thirds vote, and was therefore void, so far as it attempted to create such city courts. State Const., Art. VI., Sec. 1.

(c) And query? Can such inferior courts be created under our constitution unless they are created by general law, and

Taylor v. Blake.

be made uniform throughout the State? *Sill v. Village of Corning*, 15 N. Y. page 297.

2d. Because when arrested on the warrant, he was not brought "forthwith before the magistrate," but taken directly to the county jail, and there imprisoned for forty-eight hours, without examination, or commitment, or opportunity to give bail. Comp. Stat. page 524, Sec. 181; Ib. page 745, Sec. 2; *Pratt v. Hill*, 16 Barb. S. C. R. page 303; 1 Chitt. Crim. L. page 73.

(a) The law in this country watches personal liberty with great jealousy, and the tenor of our freedom is not held at the mere will of any petty bailiff who may wish to oblige and assist a rich or powerful adversary. *Edward v. Ferris*, 7 C. & P. page 542; *Wright v. Court*, 4 B. & C. page 596.

3d. Because neither the affidavit nor the warrant state or show that any crime had been committed, or any valuable thing stolen or embezzled; no value whatever of the money taken is stated, nor is any description of the property given. "Said justice shall issue his warrant, *reciting the substance of the complaint*." Comp. Stat. page 524, Sec. 181. "*Reciting the substance of the accusation.*" Ib. page 745, Sec. 2; Barb. Crim. L., Book IX., Chapt. II., Sec. 2, page 457–8; *State v. Hinckly*, 4 Minn. R. page 345.

The provisions of the Compiled Statutes (page 711, Sec. 23, and page 734, Sec. 10,) do not obviate the necessity of showing that a crime has been actually committed; and it is not a crime to steal or embezzle a thing of no value.

4th. Because the purpose and object of the accusation and arrest were to obtain the notes and securities, and not to punish the accused. This purpose is distinctly alleged in the complaint, and admitted by the demurrer. 8 N. H. 386; 3 N. H. 508; 6 Mass. R. 506; No. 39, Am. Jur. 23–29.

IV. The presumption of the law is that Alex. F. Taylor was innocent. Comp. Stat. page 782, Sec. 1. The complaint in this case nowhere admits him to have been guilty of a felony,

and there could be no compounding of a felony which had no existence. It is true that Blake agreed with him not to prosecute him, and to hinder and prevent witnesses from appearing against him. An innocent man might well lose confidence in the protection of the law, and purchase his peace and immunity from further like proceedings, who, alone and without friends, in a foreign land rent with civil war, should receive such demonstrations of the insecurity of personal liberty.

In conclusion, I desire to express my disapprobation of the practice, now becoming not uncommon, of prostituting *criminal process* to the aid of rapacious creditors in exacting doubtful demands, and I trust it will receive the censure of this august Court. Nothing obtained by such means should be allowed to be retained. In analogy to the law regarding forcible entrys and detainers, the property should be restored before the ultimate rights of the parties could be litigated. *Foshay v. Ferguson,* 5 Hill 154.

JONES & BUTLER, for respondent.

I. The complaint attempts to state *but one* cause of action, and under ordinary rules of construction, alleges *only* a payment of money for the composition of a felony, as the cause of action.

The allegations of duress, threats, improper purposes, undue influence and unlawful imprisonment, state no facts whatever, and the facts *stated* as above indicated, are all the issuable *facts* appearing in the complaint.

*a.* The charge of threats, undue influence, etc., amounts to nothing as stated. Howard's Code, 205; 1 Whittaker's Practice, 308 to 325.

*b.* The acts charged as unlawful imprisonment, duress, etc., were clearly legal, and for just cause, as the commission of the crime is admitted, and the criminal charge was made before the officer having jurisdiction, as appears by the com-

Taylor v. Blake.

plaint made before, and the warrant issued by the same, and the arrest and detention thereunder by the sheriff. The arrest was lawful *in itself*, and no infliction of pain, privation, danger, or other abuse, is charged. There is no pretense of tort, or abuse in the execution of the authority, which is admitted to have been lawful.

There was, therefore, no duress, but the arrest and detention were lawful. 1 Parsons on Contracts, 319; Chitty on Contracts, 205, note 1; 2 Kent's Com., 574; *Watkins v. Baird*, 6 Mass. 511; *Worcester v. Eaton*, 13 Mass. 371; *Wilcox v. Howland*, 23 Pick. 167.

II. The complaint admits that the assignor of the plaintiff was guilty of the embezzlement charged; a payment of the debt thence arising cannot be avoided on the ground of duress, if the imprisonment was legal. 1 Parsons on Contracts, 320.

III. The complaint does not allege that the demands were delivered to the defendant *in consequence of duress by threats*, etc., as duress by threats exists *only* where a fear of death or other grievous wrong is excited by the threats. 3 Chitty's Pleadings, 964; 1 Parsons on Contracts, 320.

IV. The complaint *does* allege that the demands were delivered upon a contract for the composition of a felony, and that such contract was *executed*.

Money paid upon such a contract cannot be recovered back, even though the legal proceedings against the criminal be defective and void. Chitty on Contracts, 652; 2 Parsons on Contracts, 253-4; *White v. The Franklin Bank*, 22 Pick. 181; *Greenwood v. Curtis*, 6 Mass. 381; *Pearson v. Lord*, 6 Mass. 81; *Worcester v. Eaton*, 11 Mass. 368; *Denny v. Lincoln*, 5 Mass. 385; *Babcock v. Thompson*, 3 Pick. 446; *Perkins v. Savage*, 15 Wend. 412; *Best v. Strong*, 2 Wend. 319; *Burt v. Place*, 6 Cowen 431.

V. The privilege of avoiding such a contract is *personal*, and the assignee cannot avoid the contract on the ground of

duress, threats, etc. *McClintock v. Cummings*, 3 McLean, 158; *Baylie v. Clare*, 2 Brownl. 376.

VI.   The statement in the complaint, that the demands were delivered upon a contract to refrain from prosecuting a felony, is, of itself, a denial that they were delivered under duress, threats, etc.

VII.   The point attempted to be made by appellant and numbered III, is sufficiently answered for the purpose of this action, by these facts.   It is alleged in the complaint that Booth was " City Justice" and *acting* as such.   It is not alleged that there was any other Justice having jurisdiction. We have not examined as to whether the criminal proceedings were technically correct, and do not care whether they were or not.   The officers were *acting* in good faith, and that is sufficient for the present case.

The complaint and warrant were correct in form and substance.   'Comp. Stat. 524, Sec. 181; Ib. 745, Sec. 2; Ib. 711, Sec. 23; Ib. 734, Sec. 10.

VIII.   The present plaintiff cannot bring this action, as the cause of action *against Blake*, claimed by A. F. Taylor, is not assignable.   Comp. Stat. 534, Sec. 27; Van Sant. Plead. 110; Howard's Code, notes to Sec. 111; Voorhies' Code, Ib.; 13 S. & R. 54.

*By the Court*—WILSON, Ch. J.—This action is brought to recover personal property, alleged to have been obtained from the plaintiff's grantor by duress.   The complaint alleges "that on the day and year, and at the place aforesaid, the defendant, John D. Blake, by his attorneys, clerks, agents and servants, for improper purposes, and without just cause, and also without lawful authority, arrested, restrained, imprisoned, and violently detained, the said Alexander F. Taylor, for two days then next ensuing, contrary to law; and by duress of imprisonment, and by threats, and undue influence, compelled and induced the said Alexander F. Taylor to give up and deliver

the notes and obligations above mentioned, together with all the money and papers then on or about the person of the said Alexander F. Taylor, to one Horace Loomis, sheriff of Olmsted county aforesaid, he then and there being one of the said agents and servants of said John D. Blake, and acting under his direction; and by such duress of imprisonment, threats, and undue influence, compelled and induced the said Alexander F. Taylor, against his will and judgment, and to obtain his freedom and release, to sign, execute and deliver an order upon said Loomis, to deliver to R. A. Jones, Esq., one of the said attorneys, agents and servants of said John D. Blake, the above mentioned notes, securities and obligations, (except the $150 claim against Knapp,) and likewise by such duress, threats and influence, compelled and induced the said Alexander F. Taylor, against his will and judgment, and to obtain his freedom and release, to say to and direct the said J. J. Knapp, another of the said agents, clerks and servants of the said John D. Blake, then and there present, to pay said notes, obligations and demands against him, to the said John D. Blake; and likewise by such duress, threats and influence, compelled and induced said Alexander F. Taylor, against his will and judgment, and to obtain his freedom and release, to verbally order and direct said Loomis to deliver said notes, obligations and demands in his hands, to said Jones for said Blake.

The complaint further shows, upon information and belief, that afterwards, and on or about the 17th day of April, 1865, at Rochester aforesaid, the said John D. Blake, by his said attorneys, agents and servants, corruptly and unlawfully agreed with, and promised to, the said Alexander F. Taylor, in consideration of his so agreeing and directing in regard to said notes, securities and obligations, as above alleged, to release and enlarge the said Alexander F. Taylor from such arrest, restraint, imprisonment and detention, and to refrain from prosecuting him, and to refrain from appearing against

him, and to hinder and prevent witnesses from appearing against him upon the criminal accusation then lately preferred against him before one Walter S. Booth, Justice of the Peace in and for said Olmsted county.

The complaint further shows upon information and belief, that pursuant to such order and arrangements so obtained and made by duress, threats, coercion and undue influence, said Loomis wrongfully delivered said notes, demands and obligations, to said Jones, and said Jones, on the day and year, and at the place aforesaid, wrongfully delivered the same to said Blake.   *   *   *

The complaint further shows upon information and belief, that said R. A. Jones, and his partner in business, one H. C. Butler, are and were, during all the time aforesaid, attorneys of this court, and practicing law at Rochester, in said county, and retained as such attorneys in said matters by the said Blake, and were both acting for said Blake, and under his direction in all the said proceedings, matters and things.

The complaint further shows upon information and belief, that one Albert M. Alden, was, on the 15th day of April, 1865, the agent, clerk and servant of the said defendant, and as such made the complaint in writing, before said Booth, a justice of the peace in and for said county, a copy of which is hereto attached, marked "A."    That said Jones and Butler, or one of them, as such attorneys for the said John D. Blake, sued out upon said complaint, the warrant to arrest said Alexander F. Taylor, a copy of which is also hereto annexed, marked "B," and that under and by color thereof, said Loomis, by the direction of the defendant, through his said attorneys, arrested and imprisoned the said Alexander F. Taylor, as hereinbefore stated.

The complaint further shows, upon information and belief, that said John D. Blake and all his said attorneys, agents and servants, then and there well knew, that the said Alexander F. Taylor had not stolen or embezzled $2,000 in money

Taylor v. Blake

from the said defendant as alleged in said complaint, and that they could not then and there prove, specify or describe any money so stolen or embezzled, and they all then and there well knew that said Alexander F. Taylor had not taken or secreted, with intent to embezzle and convert to his own use, any money or property of another than his master, the defendant, and they all then and there well knew that the acts of said Alexander F. Taylor mentioned in said complaint and warrant, and upon which said proceedings before said justice were based, transpired within the corporate limits of the said city of Rochester, and that the city justice had, under the city charter and its amendments, sole and exclusive jurisdiction to hear said complaint, and issue said warrant, and that said warrant for the arrest of said Alexander F. Taylor, was irregular and void, and that the detention of said Alexander F. Taylor for forty-eight hours in the county jail in said city, without other process or commitment, was unauthorized and contrary to law—yet wrongfully intending to injure the said A. F. Taylor, and to procure said notes, securities, obligations and demands, and obtain the money thereon, they did, for and in behalf of said John D. Blake, so imprison and detain the said A. F. Taylor, and so threaten him, until he made said orders, and delivered the said directions, and the defendant had obtained said notes, obligations and demands as hereinbefore stated, and until he so consented and directed (while under duress) as aforesaid, to obtain his freedom and release from such imprisonment.

The complaint further shows, upon information and belief, that afterwards, and on or about the 1st day of May, 1865, the said Alexander F. Taylor disaffirmed and refused to be bound by the said orders and contracts so made by him while under duress of threats, arrest and imprisonment, and for a valuable consideration, sold, assigned, transferred and set over unto this plaintiff, (who is his brother,) all the claims, causes of action and demands which he then had or was entitled to

against said defendant, John D. Blake. * * * The complaint further shows that afterwards, and on or about the 1st day of June, 1865, this plaintiff, by Charles C. Willson, his attorney, made demand of said Blake of said notes, demands, obligations and securities, and of all moneys received or collected by said Blake upon or by virtue of the same; that said defendant then and there refused to deliver over the same or any part thereof, and claimed to be the absolute owner of the same, and of the moneys collected on the said obligations, demands and notes, and utterly refused to do anything in the premises."

"Schedules "A" and "B," referred to in the complaint, are in the following language: "A" Complaint. "State of Minnesota, county of Olmsted, ss. The complaint of Albert M. Alden, of Olmsted county, Minnesota, made before Walter S. Booth, justice of the peace in and for the city of Rochester, in said county, on the 15th day of April, A. D. 1865, who being duly sworn, says, that on the 1st day of November, A. D. 1864, at the city of Rochester, in said county, one A. F. Taylor, then and there being a clerk of John D. Blake, and not being an apprentice, nor under the age of sixteen years, did feloniously embezzle and convert to his own use, and steal, take and carry away, without the consent of said John D. Blake, money of the amount of two thousand dollars, belonging to the said John D. Blake, which said money came into the possession of the said A. F. Taylor, by virtue of his said employment as clerk of the said John D. Blake, against the peace and dignity of the State of Minnesota, and prays that said A. F. Taylor may be arrested and dealt with according to law. Albert M. Alden. Subscribed and sworn to before me this 15th day of April, A. D. 1865. Walter S. Booth, City Justice of the Peace."

"B" Warrant. "State of Minnesota, county of Olmsted. To the sheriff or any constable of said county. Whereas, Albert M. Alden has this day complained in writing to me, on

Taylor v. Blake.

oath, that A. F. Taylor did, on the 1st day of November, A. D. 1864, at the city of Rochester, in said county, feloniously embezzle and convert to his own use, and steal, take and carry away, without the consent of John D. Blake, he, the said Taylor, then and there being the clerk of John D. Blake, and not being an apprentice, nor under the age of sixteen years, money to the amount of two thousand dollars, belonging to the said John D. Blake, which said money came into the possession of the said A. F. Taylor, by virtue of his said employment as clerk of the said John D. Blake, and prayed that the said A. F. Taylor might be arrested and dealt with according to law; now, therefore, in the name of the State of Minnesota, you are commanded forthwith to apprehend the said A. F. Taylor, and bring him before me, to be dealt with according to law. Given under my hand this 15th day of April, A. D. 1865. Walter S. Booth, Justice of the Peace."

It will be observed, that the complaint shows that the arrest was made by the sheriff of Olmsted county, on a warrant issued by Walter S. Booth, a justice of the peace, in pursuance of a complaint made as required by law. The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and because there was a defect of parties. The demurrer having been sustained by the court below, and judgment having been entered for defendant, the plaintiff appeals to this court. There is no doubt but that money or goods obtained by duress or undue influence, may be recovered; and the demurrer admitting all the material and traversable allegations of the complaint, the question presented to us for determination is, whether the complaint *shows* that the defendant obtained the chattels in question from Taylor by duress or undue influence. Did the complaint not show that Taylor was imprisoned by process *prima facie* valid, perhaps the allegation that he was unlawfully imprisoned might be held sufficient. But it is a general rule, that imprisonment by order of law is not duress;

to constitute duress, the arrest, or subsequent detention, must be tortious and unlawful, and as the complaint in this case shows an arrest by an officer legally authorized to make such arrests, and on a warrant *prima facie* valid, we have no right to *presume*, that either the arrest or subsequent detention was illegal. It is for the plaintiff to show this. *Taylor v. Cotrell*, 16 Ill. 93 ; *Watkins v. Baird*, 6 Mass. 511. The complaint and warrant were perhaps not in strict accordance with the requirements of the statute, but yet they were clearly sufficient to give the court jurisdiction, and to justify the sheriff in making the arrest, and, therefore, they must be held valid when attacked collaterally, as in this case. The plaintiff's counsel insists that the warrant was void, and the arrest illegal, because the justice had no authority to issue such warrant returnable before himself. This position is taken on the assumption, unauthorized by any allegation of the complaint, that the offence with which Taylor was charged, was committed within the corporate limits of the city of Rochester, and that the city justice has exclusive jurisdiction of such offence, and that Walter S. Booth was not the city justice.

The allegation in the complaint, that Blake and his servants and agents "*well knew*" that the acts of Taylor, mentioned in the complaint and warrant, and upon which the proceedings before the Justice were based, transpired within the corporate limits of the City of Rochester, and that the City Justice had exclusive jurisdiction of said proceedings, is merely an allegation of the *knowledge* of the defendant and his agents, and is not an allegation that the facts were as it is alleged the defendant knew them to be. An issue joined on such an allegation would have been wholly immaterial. The rule of pleading is elementary, that facts must be alleged directly, and not by way of recital, argument, inference or reasoning ; and that recitals, inferences or conclusions are not admitted by a demurrer. We in vain look for a single traversable allegation of the complaint *showing* that either the

arrest or detention was illegal or tortious.  The schedules ("A" and "B") referred to in the complaint, are not traversable portions of the complaint; but even if we refer to them, they do not help the plaintiff's case.  In schedule "A," it is stated that said acts were done within the City of Rochester, but it also appears by said schedule that Walter S. Booth was City Justice, and, therefore, authorized to issue said warrant. Whether Booth was legally elected a Justice of the Peace is not a question before us, because it is not an issue made in this case, and such an issue, if made, could not be tried in this action.  The complaint admits that he was, when he issued said warrant, a Justice of the Peace in and for said county, which is not inconsistent with the idea that he was City Justice.  Nor is there anything in the complaint to show that the detention of Taylor for two days was illegal.  Unless he gave or offered bail, it was the duty of the Justice to commit, and the sheriff to detain him until after his examination.  Some of the authorities go so far as to hold that when there is an arrest for just cause, and with lawful authority, but for an improper purpose, and the person arrested pays money for his enlargement, he will be considered as having paid the money by duress of imprisonment.  Whether this is the law as thus generally stated, may admit of much doubt, but if we admit it to be the law, it does not aid the plaintiff's case. The allegation of the complaint on this point is, that "wrongfully intending to injure the said A. F. Taylor, and to procure said notes, securities and demands, and to obtain the money thereon, they (the agents of defendant) did for and in behalf of John D. Blake, so imprison and detain the said A. F. Taylor, and so threatened him until he made said order and delivered said directions."  It is not alleged that defendant or his agents intended to compound the felony charged, when they commenced the prosecution or arrested said Taylor. The complaint in this action tacitly admits that A. F. Taylor had stolen or embezzled from the defendant, denying merely

that he had stolen the full amount of $2,000. This being the case, the prosecution against him was rightfully commenced, and during that prosecution, the defendant had a right to demand and recover from Taylor the sum due him. See *Taylor v. Cotrell ; McClintock v. Cummings*, 3 McLean 158. If he agreed to compound a felony, he was guilty of a crime for which he may be prosecuted; but Taylor was equally guilty, and, therefore, cannot claim, *on that account*, to recover in this action. The intention on the part of Blake to obtain said notes and demands was not inconsistent with an honest intention to prosecute the criminal. Had this prosecution been commenced, not for the purpose of bringing to justice a criminal, but for the purpose of recovering Blake's debt by compounding a felony, perhaps this might have made the entire proceedings illegal, and have authorized Taylor to avoid his contract on the ground of duress, but this is not alleged to have been the case, and we are not at liberty to presume the existence of illegal or improper motives.

We need not discuss the question as to what would constitute undue influence or duress by threats, such as would avoid a contract, for there is not a single allegation of either such undue influence or such duress in the complaint, and in an action of this kind, the complaint must state facts and not conclusions of law, so that the court may be able to see from the facts stated that the payment of the money or delivery of the property was, in fact, compulsory. *Com. Bank of Rochester v. City of Rochester*, 41 Barb.

The judgment below is affirmed.