# CORNELIUS THURMAN

## *v.*

## BENJAMIN BURT.

SPECIFIC PERFORMANCE—*contract extorted by use of illegal process—judgment, with a stay of execution.*     By an agreement between the parties to a suit, a judgment was entered therein, with a stay of execution for a certain time.     Before that time elapsed, the plaintiff sued out an execution upon the judgment, and placing it in the hands of the sheriff, went with him to the defendant's place of business, threatening to make a levy and close up his store unless he settled the debt at once.     The defendant, fearing such a course would prove ruinous to his business, and to avoid the threatened levy, paid a part of the debt and gave his notes with security for the balance, due at a shorter time than that fixed for the stay of execution : *Held,* the notes were extorted by the improper use of illegal process, and were without consideration, and a court of chancery would restrain the plaintiff in the judgment from assigning them, and compel him to abide by the terms of his agreement, as to the stay of execution.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. A. J. GALLAGHER, Judge, presiding.

The opinion states the case.

Messrs. LANGLEY & WOLF, for the plaintiff in error.

Messrs. McKINLEY & TULLEYS, for the defendant in error.
     9—53RD ILL.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery in the Champaign circuit court, by Cornelius Thurman and against Benjamin Burt and two others, nominal defendants, to compel him to deliver up to complainant certain notes it was alleged he had extorted from complainant, he being under duress by the defendant, and that they were without consideration and unjustly obtained. The cause was heard on the bill and answer, and proofs taken, when the bill was dismissed at the costs of complainant.

To reverse this decree, the record is brought here by writ of error.

It appears from the record that the defendant had brought suit to the November term, 1867, against complainant, claiming about twelve hundred and fifty-nine dollars ninety-five cents, which amount complainant denied, and had employed counsel to defend the action, but, as complainant alleges, in order to avoid delay and expense of litigation as to the matters in controversy between them, and for the consideration set forth in the agreement, they executed an agreement, which recited an agreement between these parties on the twenty-sixth of November, 1867, by which it was stipulated that defendant should have a judgment against complainant at the then term of the court, for the sum of twelve hundred and fifty-nine dollars and ninety-five cents, and complainant should have a stay of execution on the judgment for three years from that date—the judgment to be paid in three equal annual installments, with interest at ten per cent per annum, with leave to Burt to take out execution after any installment should become due, for the amount unpaid on such installment.

The creditor, Burt, being apprehensive, after this agreement was made, that the effect of it might be to stay execution on the entire judgment for three years, they subsequently agreed that Burt should have judgment at the then term of

the court fôr the above sum, and that he should stay execution for twelve months from the date of the judgment. This last agreement bears date on the following day, November 27th, and it recites that it is still the wish of the parties to carry out the spirit of the first agreement, and in consideration thereof, it was agreed that, after the lapse of eleven months, Burt might take out execution for the whole amount of the judgment, but in case Thurman should pay one-third of the judgment at the expiration of one year from the date of the judgment, Burt would return the *fi. fa.* at the end of the year, at his own costs—that no other *fi. fa.* should issue until two years from the date of the judgment, unless Thurman should fail to pay the second installment, and a third execution was not to issue until the end of three years from the date of the judgment, at which time *fi. fa.* might issue for all unpaid balance of the judgment, and it was further stipulated that this agreement should be filed with the papers in the cause. This agreement was so filed as a part of the record in the cause, whereupon this entry was made by the court: "And now come the parties by their respective attorneys, and by agreement entered into, it is ordered by the court that the plaintiff have and recover of the defendant the sum of twelve hundred and fifty-nine dollars and ninety-five cents, together with his costs, and that execution issue therefor in accordance with the agreement filed herein." This entry bears date December 19, 1867.

The complainant alleges he was at all times ready and willing to perform this agreement, and had actually paid upon it one hundred and six dollars ; that he was then engaged in mercantile business, purchasing on credit, and had so arranged his business as to enable him to comply with the agreement in good faith ; that he has made no concealment of his effects, or conveyed them for the purpose of delaying or defrauding his creditors.

In violation of this agreement, and of the terms of the judgment rendered on the nineteenth of December, 1867, it is

alleged, that defendant, on the eighteenth of November, 1868, caused an execution to issue on this judgment, placed the same in the hands of the sheriff, and proceeded with the deputy sheriff, on the ninth of December, to the place of business of complainant, and levied on property of the value of about twelve hundred dollars, and came into the store of complainant and demanded the key and the possession of the goods in the store, and in the presence of a number of persons declared they would close the store and " shut him up " unless complainant would pay off the *fi. fa.* in full and without delay. Under the fear produced by this conduct of defendant and the sheriff, and their threats, which, if carried out, would have ruined him in his business, and no time being allowed him to advise with counsel, complainant paid defendant four hundred dollars in money, and executed the promissory notes in question, one for three hundred dollars, payable one day after date, and one for six hundred and twenty-nine dollars, payable in one year, with C. C. Hawes and Isaac Davis his securities, which notes defendant received. Complainant alleges he made the notes and paid the money under duress and fear of being broken up and ruined in his business and reputation, in case he had refused; that no part of the judgment was then due, and that he had made ample arrangements to pay the first installment of the judgment when due, and offers to do so.

The prayer of the bill is, that defendant, Burt, be restrained from assigning or selling these notes and from suing upon them; that the notes be canceled and the judgment be decreed to stand in full force and effect; that he have credit for the money paid by him, and that Burt be required to perform the agreement.

The defendant, Burt, admits the allegations of the bill, except the fact of an actual levy of the execution, which he denies, and avers that paying the four hundred dollars and giving the notes, was an amicable arrangement; was with the sheriff for

the purpose of making an amicable arrangement; denies threats or duress to compel a settlement.

Proofs were taken, which, in our judgment, sufficiently establish the fact that these notes were inequitably and unjustly extorted from the complainant, by force of judicial process issued, contrary to the agreement of the parties and the judgment of the court of which that agreement formed an essential part, and they were without consideration in fact or in law. The fact that a levy was threatened is proved by the complainant, and by the sheriff's deputy, who says he told complainant he had an execution against him, and if it was not paid, Burt had come to show property; that he and Burt went to complainant's barn, and he noted down on paper what property he found there liable to execution, and told complainant not to molest any of it; he was there to make a levy if the matter was not otherwise arranged; he was acting under an indemnity bond given him by Burt; he returned the execution after the arrangement was made, "satisfied." Defendant, Burt, also testified that he gave directions to the deputy to levy if the matter was not settled.

That this conduct of the defendant, Burt, was not only in express violation of the agreement, which complainant was using exertions to perform, and had performed in part, and when, by its terms, no money was due and payable on the day of the date of the execution; that by its operation, if carried into effect, the complainant would be ruined in his business and credit; that no execution could rightfully issue on that day by the terms of the judgment, and that such process was illegally used to effect this arrangement, which, so far from being "amicable," was compulsory, places such a complexion upon the whole case, as to entitle the complainant to the aid of a court of chancery to restrain Burt from assigning or selling these notes. He ought to be content with the money he coerced out of complainant, and for the balance, be remitted to the terms of the agreement, which became a part of the judgment of the court.

The notes were executed when nothing was due, and under circumstances showing oppression on the part of the creditor, and of a character justifying the interposition of a court of equity, and the circuit court should have decreed as prayed.

There may be cases, and such are recognized by this court, where a party having caused the arrest of a wrong-doer by criminal process legally issued, may accept satisfaction for the private injury when given by the party while under arrest, in the form of a deed or note. *Taylor* v. *Cottrell*, 16 Ill. 93. In this case now before us, the writ, by and through which the arrangement was effected and the notes in question obtained, was illegally issued, was not authorized by the judgment of the court, and was used for an improper purpose. The defendant, Burt, ought to be enjoined from putting the notes in circulation by assignment or otherwise, and so the circuit court should have adjudged. The notes were unjustly and inequitably extorted from the complainant, and were without consideration.

The decree of the circuit court is reversed, and the cause remanded for further proceedings consistent with this opinion.

*Decree reversed.*