Curia, per Savage, Ch. J.
The only question is, -whether the president had power to dispense with the preliminary proofs.
By the ninth section of the act incorporating the defendants,. passed February 6, 1822, (sess. 45, ch. 23,) the president, with one-third of the directors,-shall constitute .a quorum; and be competent to the transaction of all the business of the corporation.(a)
By the tenth section, it is provided that -policies signed *464 by the president, and countersigned by the secretary, shall be obligatory upon the company; and that all business may be conducted by committees, without the presence of a board.
By the act of incorporation, therefore, the .president is not clothed with any power to settle or pay claims, without one-third of the directors; nor to do any other act, except signing policies of insurance.
In the case of Beatty v. The Mar. Ins. Co. (2 John. 109, 114,) the agent of the plaintiff called on the secretary, who, with the amount claimed by the plaintiff, in his hand, went into another room, where the president and assistants were sitting, and returned, and informed the agent of the plaintiff that the loss was passed, and wanted the plaintiff *to take a note. Afterwards, the company refused payment ; and the court held that there was no valid acceptance.
In cases of this kind, great strictness is required; and the plaintiff cannot recover without a literal compliance with the conditions. (2 H. Bl. 577, n.(a.) Marsh, on Ins. 808, 9.) In Beatty v. The Mar. Ins. Co., Thompson, justice, says, the defendants, being a body corporate, the general and invariable rule is, that such body can act only in the mode prescribed by the law creating it. By the act incorporating the defendants, the president has no such power as he assumed to exercise. None is shown by any by-law, or the appointment of a committee. Of course, no such power existed; and the company are hot bound by his act.[1]
*465 The case of Vos v. Robinson, (9 John. 192,) is not in point. Ho question was made as to the power of the defendant’s agent to transact any business of his principal. Had this proof been dispensed with by a board of directors, or a committee authorized to settle the claim, the defendants would have been bound by it. . But the president had no more power to dispense with the terms of the contract than any other stockholder.
The plaintiff was properly nonsuited. The motion must be denied.
Motion denied.
Sutherland, J., not having heard the argument, gave no opinion.

 This is one illustration of what .the court say,’ ante, 409, “ Some stat utes of incorporation declare, expressly, what number is necessary to make a board.”

 Corporations, in this country, owe their existence to the legislative power, they are created for specific and defined objects and purposes; and they derive all their powers from their charters. To ascertain their capacity, reference must be had to their acts of incorporation. It cannot be inferred from the mure fact that they are created bodies politic and corporate. Bard v. Chamberlain, 3 Sandf. Ch. Rep. 31.
A corporation which has discontinued its business, pursuant to its charter, iannot resume it without the sanction of the legislature. Green v. Seymour, 3 Sandf. Ch. Rep. 285.
Corporations are deemed to possess such powers as are specifically granted by the act of incorporation, or are necessary for the purpose of carrying into *465 affect the powers expressly granted, and as not having any other. Camden and Amboy Railroad, &c., v. Remer, 4 Barb. S. C. Rep. 127.
Corporations have such powers and capacities as are given to them, and none other; and, every abuse of such powers is a violation of the law of their being, and a forfeiture of their franchises. The establishment of an agency or office at a place not authorized by the charter, was held to be a violation of it. Attorney General v. Oakland County Bank, Walker’s Ch. Rep. 90.
A. corporation is merely a creature of the law, a politic and not a natural body. It is made up by the compact entered into by the stockholders, eacn of whom becomes a corporator, identified with and forming a constituent part of the corporate body. Verplank v. The Mercantile Ins. Co., 1 Edw. 84.
Where a corporation relies upon a grant of power from the legislature, for authority to do an act, it is as much restricted to the mode prescribed by the statute for its exercise, as to the thing allowed to be done. Per Welles, J. The Farmers' Loan and Trust Company v. Carroll. 6 Barb. S. C. Rep. 613 (Am. Ch. Dig., pp. 380, 382, §81.)