WILLIAM E. DOLBIER *vs.* AGRICULTURAL INSURANCE COMPANY.

Franklin.    Decided September 18, 1877.

*Insurance.  Pleading.*

A stipulation in a policy limiting the time for commencing suit upon it to twelve months after the occurrence of the loss, being in conflict with R. S., c. 49, § 62, is nugatory. Nor does the setting forth of such a stipulation in the declaration, nor the omission to refer to the statute which abrogates it, vitiate the declaration or indicate a waiver by the plaintiff of his legal rights under the statute.

The declaration contained the following averment of notice of loss: "That forthwith after the happening of the said loss and damage, to wit on the [blank] day of [blank] A. D. 187 [blank] he then gave notice thereof to the defendant, and as soon thereafterwards as possible, to wit, on the [blank] day of [blank] 187 [blank] then delivered to the defendant as particular an account of the said loss and damage as the nature of the case would admit; which said account was signed by the plaintiff, and accompanied by his oath, that the same was in all respects just and true, and showed the value of said property, and in what general manner the said building was occupied at the time of the happening of the said loss and damage, and the name of the person then in actual possession thereof, and when and how the said fire originated, so far as the plaintiff knew or believed, and his interest in the said property at the time; to which said account was annexed, and therewith delivered, a certificate under the hand and seal of a [blank] nearest to the place of fire, to wit, [blank] showing that he, the said justice had examined the circumstances attending the said fire, and the loss and damage alleged, and was

acquainted with the character and circumstances of the plaintiff, and verily believed that the plaintiff had by misfortune, and without fraud or evil practice, sustained loss or damage on the said property to the amount of $350." *Held*, on demurrer, that it was fatally defective, because it did not allege either the notice and proofs required by the policy, or those which are declared by R. S. c. 49, § 20, to be sufficient.

ON EXCEPTIONS.

ASSUMPSIT on a policy of insurance.

The writ was dated August 25, 1876. The declaration stated the loss to have occurred on July 10, 1874, and set out by way of recital the entire policy, which contained, among other things, these :

" In case of loss, the assured shall give immediate notice thereof to the company, stating the number of the policy and name of the agent ; and when required, shall deliver to the company as particular an account or statement of such loss or damage as the nature of the case will admit, signed by their own hand, and verified by their oath or affirmation ; and if required, shall produce their books of account, and other proper vouchers. Such statement shall show whether any and what other insurance has been effected on the property ; what was the whole cash value of the property insured, and what was their interest therein ; whether there were any incumbrances of any nature upon the property ; whether any other person or persons had any interest therein, and if so, the nature thereof ; who were the occupants of building insured, and when and how the fire originated so far as they may know or have reason to believe. They shall also state whether since effecting such insurance the risk has been increased by any means whatever. Any neglect to comply with these provisions, or any misrepresentation, or concealment, or fraud, or false swearing in any statement or affidavit in relation to loss or damage, shall forfeit all claim upon the company by virtue of this policy, and shall be a full bar to all remedies upon the same.

" It is expressly covenanted by the parties hereto, that no suit or action against this company for the recovery of any claim upon, under or by virtue of this policy, shall be sustainable in any court of law or equity, unless such suit or action shall be

commenced within the term of twelve months next after the loss or damage shall occur; and in case any such suit or action shall be commenced against this company, after the expiration of the aforesaid twelve months, the lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim, any statute of limitation to the contrary notwithstanding."

The declaration also contained the averment of notice of loss as in the head note appears, with the blanks therein appearing unfilled.

The defendants filed a general demurrer to the declaration which was joined. The presiding justice overruled the demurrer and adjudged the declaration good; and the defendants alleged exceptions.

*S. C. Belcher*, for the defendants.

I. The action cannot be maintained for the reason that the declaration alleges that one condition of the policy is that no suit shall be sustainable thereon unless commenced within twelve months next after the loss occurs. The provision of R. S., c. 49, § 62, is not invoked by the pleadings and therefore waived. *Lewis* v. *Monmouth Mutual Fire Ins. Co.*, 52 Maine, 492, 497, 498.

II. The averment of notice is insufficient. It gives no date by which the court may judge whether the notice was given the company in "a reasonable time." There is no allegation that the account was sworn to before some disinterested magistrate, or that the plaintiff notified the company what other insurance, if any, existed thereon, or of the manner the building was occupied at the time of the fire. There is no intimation that the person making the certificate was a disinterested magistrate or that he ever administered any oath to the plaintiff, or that he ever saw the particular account of statement of the plaintiff. He does not certify to the truth or falsity of the statement. It does not appear that he knew of the existence of the plaintiff's statement. It neither complies with the conditions of the statute nor of the policy.

*H. L. Whitcomb*, for the plaintiff.

BARROWS, J. The first point upon which the defendants rely in support of their demurrer is, that the action cannot be maintained because not seasonably commenced according to the declaration

itself, which shows that the loss occurred July 10, 1875, and sets out with much other superfluous matter the stipulation of the parties in the policy that no suit or action shall be sustainable in any court of law or equity unless commenced within twelve months next after the loss or damage shall occur. This action was not brought until August 25, 1876.

The stipulation referred to is not the only one which our legislature has found it necessary to exscind or nullify in order to make the contract of insurance what it purports to be. In the present case this is effectually (if not elegantly) done by R. S., c. 49, § 62, thus: "No conditions, restrictions or stipulations in its charter, by-laws or policies, shall deprive the courts of this state of jurisdiction of actions against such companies, nor limit the time of commencing them to a period less than two years from the time the cause of action occurs."

With this law before us we cannot say that the stipulation in the policy limiting the time for the commencement of an action to twelve months after the occurrence of the loss is binding on the assured.

The cases cited in defense, where, in the absence of such a statutory inhibition as that above quoted, stipulations for a special limitation of suits have been held valid and binding between the parties, are inapplicable. The statute is just as effective against the validity of the stipulation as though its insertion in a policy of insurance was prohibited under a penalty. Nor can it properly be held that the plaintiff waived the benefit of the statute by reciting the stipulation in his declaration and omitting to refer to the statute which abrogates it. The prosecution of this suit is conclusive against any intention to waive his rights under the statute. His design to avail himself of such rights was demonstrated by the commencement of this suit more than twelve months after the occurrence of the loss, and would be no more distinctly apparent if he had left out the stipulation when he framed his declaration, or if when he inserted it he had followed it up with a formal averment that it was deprived of its force by the statute. · He is here asserting his legal right to maintain the action. The defendants cannot defeat it by the interposition of a stipulation which has no legal efficacy.

But there are more substantial defects in the declaration, which seems to have been hastily and carelessly drawn, and contains much surplusage, while it omits some weightier matters which were necessary to show a good cause of action. By the terms of the policy the defendants undertook to pay within sixty days after the reception of notice and proofs of loss.

Whether the time of payment has yet arrived, the declaration does not show. The pleader does not seem to have undertaken to aver notice according to the stipulations in the policy; but makes an abortive attempt to allege notice and proof in accordance with the requirements of R. S., c. 49, § 20. It is too defectively done to answer the purpose. Apparently the pleader had not troubled himself to ascertain when or how the notice was given or what proofs were made. It is true that the notice called for by the policy is of the simplest kind, and further proofs are essential only when required; but the plaintiff nowhere says he gave that notice.

It was necessary for him in order to show a just cause of action to allege either the notice and proofs stipulated for in the policy, or those which the statute peremptorily declares sufficient.

He has done neither, and must pay in costs the penalty of his remissness, although upon the more important question presented by the demurrer, and the only one to which the attention of the presiding judge was called at *nisi prius*, he was, as we have before seen, in the right. He may amend his defective declaration upon the statute terms.            *Exceptions sustained.*

APPLETON, C. J., WALTON, VIRGIN, PETERS and LIBBEY, JJ., concurred.