## J. A. & A. J. PERRY v. PHŒNIX ASSURANCE Co.

*(Circuit Court, D. Rhode Island. 1881.)*

1. PLEADING—CONDITIONS PRECEDENT—GENERAL AVERMENTS—DEMURRER.
   In an action on a policy of fire insurance, where the terms of the policy are set out in the declaration, and there is a failure to aver specific performance of conditions precedent, *held*, that the declaration is demurrable. *Held, also*, that the defect is not cured by a general averment of performance by the plaintiffs of all things by them to be performed.

Demurrer.

*F. W. Miner, Wm. J. Roelker, Thomas A Jenckes*, and *Chas. A. Wilson*, for plaintiffs.

*Beach & Allen*, for defendant

COLT, D. J. This is an action upon a policy of fire insurance. The question before us arises under a demurrer filed by the defendant to the first count in the plaintiff's declaration. The main points raised by the demurrer are whether the count contains sufficient averments—*First*, as to the particular account of loss; and, *second*, as to the magistrate's certificate required to be given by the policy.

The declaration, following out the terms of the policy, alleges, among other things, that the loss was payable—

"Sixty days after notice and proof of the same, upon condition that the plaintiffs, in case of such loss, forthwith gave notice of said loss to the company, and shall, within 30 days, render a particular account of such loss, signed and sworn to by them, stating whether any and what other insurance has been made on the property, what was the value thereof, what was the plaintiff's interest therein, in what general manner said barn was occupied at the time of said fire, also were the occupants the same, and when and how the fire originated, as far as they knew or believed; and should procure a certificate under the hand and seal of a magistrate or notary public most contiguous to the place of the fire, and not concerned in the loss as a creditor of the plaintiffs or otherwise, or related to them, stating that he has examined the circumstances attending the loss, knows the character and circumstances of the assured, and does verily believe that they have, by misfortune, and without fraud or evil practice, sustained loss and damage on the property insured to the amount of six hundred and nineteen dollars and seventy-five cents, ($619.75.)"

The plaintiffs aver the performance of these conditions, as follows:

"Of which loss the plaintiffs forthwith gave notice to said company, and, as soon as possible after said loss, to-wit, within 30 days after said loss, to-wit, on the twenty-third day of October, A. D. 1880, rendered the defendant a particular account of said loss, under their hands and verified by their oaths, and did also declare that no other insurance was made upon said property, and at the same time procured the certificate under the hand and seal of Frederick A. Warner, a magistrate having a seal most contiguous to the place of the fire, not concerned in said loss as a creditor or otherwise, or related to the plaintiffs, and from inquiries made by him into the circumstances and origin of said fire and as to the value of the property destroyed, and he verily believed that the plaintiffs really and by misfortune, and without fraud or evil practice, had sustained by said fire loss and damage to the amount of the sum of six hundred and nineteen dollars and seventy-five cents, ($619.75;) and the plaintiffs on the same day forwarded to the defendants, at their office at No. 54 William street, New York city, said certificate. And the plaintiffs further aver that thereafterwards, to-wit, on the sixteenth day of November, 1880, and at the request of the said defendants, did procure another certificate of Benjamin M. Bosworth, Jr., a magistrate having a seal and being nearest to the place of the fire, not concerned in the loss as a creditor or otherwise, or related to the plaintiffs, and from inquiries made by him into the circumstances and origin of said fire and as to the value of the property destroyed, and he verily

believes that the plaintiffs really and by misfortune, without fraud or evil practice, had sustained by said fire loss and damage to the amount named in said certificate,—that is, the sum of six hundred and nineteen dollars and seventy-five cents, ($619.75,)—which certificate is made a part of this declaration; and the plaintiffs on the same day forwarded to the defendants, at their office at No. 54 William street, New York city, said amended and additional certificate as aforesaid."

Then follows the averment that the plaintiffs "have in all things kept, fulfilled, and performed all things on their part to be kept, fulfilled, and performed under the terms of said contracts, or in any manner connected with their said contract of insurance."

It will be here observed that while the plaintiffs state that they "rendered the defendant a particular account of said loss, under their hands and verified by their oaths, and did also declare that no other insurance was made upon said property," they do not aver that this account stated *what was the value of the property, what was the plaintiff's interest therein, in what general manner said barn was occupied at the time of said fire; also, were the occupants the same, and when and how the fire originated, as far as they knew or believed.* And it will further be observed that while the certificate of each of the magistrates conforms in substance to most of the requirements, yet that neither of them state that the magistrate *knows the character and circumstances of the assured,* as required by the policy. By an almost uniform current of decisions in this country and in England, extending back to the first adjudicated cases upon the subject, it has been held that provisions of this character in a policy of fire insurance are conditions precedent, the performance of which must be shown to entitle the assured to recover. By this policy of insurance the company agrees to pay the loss only upon conditions that the plaintiffs do certain things which the company deems essential for its own protection. It must appear, therefore, that each and all of these acts, as set out in the contract, have been discharged, or some legal excuse for non-performance given, before the plaintiffs have a right of action. *Oldman* v. *Bewicke,* 2 H. Bl. 577, note; *Worsley* v. *Harvey,* 20 Eng. Law & Eq. 541; *Columbian Ins. Co.* v. *Lawrence,* 2 Pet. 25, 50; also 10 Pet. 507; *Wellcome* v. *People's Ins. Co.* 2 Gray, 480; *Campbell* v. *Charter Oak Ins. Co.* 10 Allen, 213; *Johnson* v. *Phœnix Ins. Co.* 112 Mass. 49; *Dolbier* v. *Agricultural Ins. Co.* 67 Me. 180; *Home Ins. Co.* v. *Duke,* 43 Ind. 418; *Doyle* v. *Phœnix Ins. Co.* 44 Cal. 265; *Dawes* v. *North River Ins. Co.* 7 Cow. 462; *Rockford Ins. Co.* v. *Nelson,* 65 Ill. 415, 418; May, Ins. § 586; Phil. Ins. § 2026. And the failure to aver performance is fatal on demurrer.

Chitty on Pleading, vol. 1, p. 327, says: "The omission of aver-ment of performance of a condition precedent, or of an excuse for the non-performance, is fatal on demurrer." See, also, *Home Ins. Co.* v. *Duke,* 43 Ind. 418; *Dolbier* v. *Agricultural Ins. Co.* 67 Me. 180. The plaintiffs contend, however, that the subsequent general averment that they have performed all things by them to be performed by the terms of the contract is of itself sufficient. But the rule of the com-mon law, as established by the foregoing and other authorities, is clearly the other way. That rule is as Chitty expresses it, (p. 985, note *k:*) "But if there be anything specific or particular in the thing to be performed, though consisting of a number of acts, performances of each must be particularly stated."

The plaintiffs also argue that it was not necessary for them to aver performance of the various provisions which by the terms of the policy are required to be stated in the particular account, but that their simple allegation that they have rendered the defendant a par-ticular account is sufficient. The policy declares that the particular account must contain statements as to other insurance, value of property, interest of assured, manner the building was occupied at time of fire, who were the occupants, when and how the fire origi-nated. Now it can hardly be said that an averment of performance which simply states that a particular account has been rendered, and only affirming one of the particulars, that relating to other insurance, is enough; because, from all that appears, the account may not have contained anything relating to the other material facts, and conse-quently upon the face of the declaration a case has not been made out.

It was held in *Catlin* v. *Springfield Ins. Co.* 1 Summ. 434, that the words "a particular account of such loss or damage" meant, of themselves, simply a particular account of the articles lost or dam-aged, and in no way referred to the manner or cause of loss. The legal import, therefore, of these words does not embrace the other important facts called for under this head by this policy, and we are forced, therefore, to the conclusion that the allegation is insufficient. There can be no question but what the magistrate's certificate must be such as the condition requires. *Columbian Ins. Co.* v. *Lawrence,* 2 Pet. 50; *Johnson* v. *Phœnix Ins. Co.* 112 Mass. 49.

By the failure in this case to aver knowledge of the character and circumstances of the assured, as laid down in the policy, the condi-tion is not complied with. The demurrer is, therefore, sustained.