## C. AULTMAN & CO. v. SIGLINGER, SHERIFF.

1.  In determining the sufficiency of the complaint the averments therein can alone be considered. A complaint which does not state a cause of action by its averments, without reference to exhibits, is bad upon demurrer. KELLAM, P. J., dissenting.
2.  The facts constituting the cause of action must be stated in the complaint with sufficient clearness and fullness to enable the court to see that, upon the facts stated, the plaintiff is entitled to the relief demanded, or, at least, some relief. The facts themselves must be stated,—not by way of recital or probative facts, but by direct allegations of the ultimate facts relied on to sustain the action.
3.  A complaint under Section 5424, Comp. Laws, by the mortgagee of a subsequent mortgage, to recover the surplus in the hands of the sheriff making a sale under a prior mortgage, must show (1) that a prior mortgage was executed, and that it contained a power of sale; (2) that under and by virtue of such power of sale the defendant sold the property for a specified sum, which was paid to him; (3) the amount remaining in his hands as surplus; (4) the mortgage of plaintiff; and (5) a demand and refusal. KELLAM, P. J., dissenting.

4.  The complaint in this action alleged that the defendant, acting as sheriff, and pursuant to a notice of foreclosure. sold the lands specifically described in the complaint for the sum of $700, and delivered to the purchaser a certificate of sale.  *Held*, insufficient; as no facts are stated from which a court would be authorized to conclude that any mortgage had been given under which such a sale could have been made, and there being no direct allegation that the $700 was paid. KELLAM, P. J., dissenting.

5.  It was alleged in the complaint that defendant made "an affidavit purporting to show the amount received from the purchase, * * * and that, according to said affidavit, there remained in his hands the sum of $160.29."  *Held*, not a sufficient averment that the defendant had that amount in his hands, there being no direct allegation that he held that amount in his hands, as surplus, on which an issue could properly be raised."

[Syllabus by the Court.    Opinion filed January 15, 1892.]

Appeal from circuit court, Day county.    Hon. A. W. CAMPBELL, Judge.

Action to recover money had and received.    Defendant demurred.    Overruled.    Defendant appeals.    Reversed.

The facts are fully stated in the opinion.

*J. D. Blake (Little & Nunn of counsel)* for appellant.

Matters of substance must be directly alleged independent of an attempt to incorporate them in a pleading by way of reference to exhibits or otherwise.    Taylor v. Blake, 11 Minn. 256; Dickinson v. Cole, 34 Wis. 621; Coolbaugh v. Roemer, 30 Minn. 424; Larimore v. Wells, 29 Ohio St. 13; City v. Signoret, 50 Cal. 298; Bowling v. McFarland, 38 Mo. 464.    Plaintiffs should have alleged the making of the mortgage by the owner of the premises, the power of sale therein, the name of the mortgagee, a default, a proper notice by mortgagee, and sale by the sheriff pursuant to the terms of the mortgage.    Pinney v. Fridley, 9 Minn. 34; Greegs v. City, Id. 246.

*Frank W. Babcock* for respondent.

It is presumed that the sheriff performed his duty.    Lawson's Presump. Ev. p. 53, rule 14; Gwynne's Sher. 475; 2 O. S. 241; 14 O. S. 240; 21 Pick. 187; 4 O. S. 112.    The affidavit of sale is conclusively presumed to state the truth.    Freeman on Ex. § 366; State v. Penner, 27 Minn. 269.    There being a surplus on the sale and a refusal to pay it over to plaintiff

there is a *prima facie* case against defendant. § 5424, Comp. Laws. If the complaint was indefinite, remedy was by motion. § 4925, Comp. Laws; Bliss Code Pl. § 425; Bethel v. Woodsworth; 11 O. S. 393. Mere surplusage does not affect substantial allegations. Work's Pr., § 372; Bates' Pl. Par. & F. 695. If the fundamental facts appear by the complaint, lameness or looseness of the pleader is not reached by demurrer. Everett v. Waymire, 30 O. S. 308; Simpson v. Prather, 5 Ore. 86; Trustees of School Sec. 16 v. Odlin, 8 O. S. 293; Bank v. Bell, 14 O. S. 200; Bates Pl. P. & F. 963; Morse v. Gilman, 16 Wis. 531; 1 Work's Pr. § 351; Olcott v. Carroll, 39 N. Y. 436; Pomeroy's Rem. & Remed. R. § 5488; Work's Pr. § 491; Maera v. Holbrook 20 O. S. 137; Stephen's Pl. 140.

Allegations of a pleading should be liberally construed. Hazleton v. Bank, 32 Wis. 34; Foster v. Elliott, 1 Bates Pl. P. & F. 191; Dickensheets v. Kaufman, 28 Ind. 251; Shank v. Teeple, 33 Ia. 189; Gray v. Coon, 23 Ia. 344; Doolittle v. Green, 32 Ia. 123. The material facts to be stated in a complaint are those which, under a general denial, the plaintiff must prove to secure a verdict in his favor. Judah v. Trustees, 23 Ind. 275. Language in pleadings will be construed according to its ordinary and popular meaning. Hill v. Supervisors, 10 O. St. 621. A conclusion of law, importing an issuable fact in a pleading, is not demurrable, but subject to motion to make more definite. Bates' Pl. Par. & F. 131; Bliss Code Pl. § 213; Thompson v. Cook, 21 Iowa, 472; Schrook v. Cleveland, 29 O. St. 499; Dorsey v. Hall, 7 Neb. 460; Grinde v. Railroad, 42 Iowa, 376; Kendig v. Marble, 55 Iowa, 386. All parts of a pleading will be construed together. Trumble v. Doty, 16 O. St. 118; Devoss v. Gray, 22 O. St. 159.

CORSON, J. This is an appeal from an order overruling the demurrer to the complaint. The complaint is, in substance, as follows: (1) That the plaintiff is a corporation, organized under the laws of the State of Ohio, and authorized to transact business, sue and be sued, in the State of South Dakota, having complied with all the requirements of the statutes of said state in regard to foreign corporations; (2) that the defendant

is the duly elected, qualified, and acting sheriff of Day county, and acted as such sheriff at the time of all the acts herein alleged as being done by him; (3) that, acting as such sheriff, and pursuant to a notice of foreclosure, the defendant, on the date mentioned, sold. at the front door of the court house in Day county, the lands in question, which are specifically described in the complaint, for the sum of $700, and delivered to the purchaser a certificate of such sale; (4) that after making the sale, the defendant made and executed an affidavit, purporting to show the amount received by him from the purchaser at the foreclosure sale, and that, according to that affidavit, there remained in his hands a surplus of the proceeds of the sale of $160.27, after paying the amount of the mortgage and costs and disbursements necessarily incurred in making the same; (5) that subsequent to the execution of the mortgage upon which the foreclosure was made, and following next in the regular order of assignment, the mortgagor had mortgaged the land to the plaintiff, C. Aultman & Co., to secure the payment of $1,500; that this mortgage was for value, without fraud, and duly recorded in the office of the register of deeds of Day county, and remains in full force, and that, by virtue thereof, the plaintiff was the lawful assignee of the equity of redemption by the mortgagor, and entitled to receive the surplus of the proceeds of the foreclosure sale; and (6) that demand therefor had been made on the defendant, and that he refused, and still refuses to pay over or account for the surplus. The defendant demurred to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action; and the counsel for appellant specify several omissions of allegations in the complaint which they claim render the complaint insufficient, among which are the following: That there is no allegation in the complaint that there was any mortgage or power of sale, under and by virtue of which the alleged sale was made; that there is no allegation that defendant received $700, or any other sum on the sale, that there is no allegation that defendant had in his hands the sum of $160.29, or any other sum, as surplus, after paying the amount due upon the prior mortgage

including principal, costs, charges, and expenses of sale.

Annexed to the complaint, and made a part thereof, are a number of exhibits set out in full, being the notice of sale, certificate of sale, affidavit of the defendant, and the mortgage of plaintiff. In determining the sufficiency of the complaint the averment therein can alone be considered. A complaint which does not state a cause of action by its averments, without reference to its exhibits, is bad upon demurrer. Bowling v. McFarland, 38 Mo. 465; Baker v. Berry, 37 Mo. 306; Curry v. Lackey, 35 Mo. 392; Taylor v. Blake, 11 Minn. 255, (Gil. 170,) Mayor v. Signoret, 50 Cal. 298; Larimore v. Wells, 29 Ohio St. 13. The exhibits, therefore, will not be considered in determining the sufficiency of the complaint in this case.

Section 4907, Comp. Laws, provides that the complaint shall contain "a plain and concise statement of the facts constituting a cause of action;" and Section 4924 provides that, "in the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed, with a view to substantial justice between the parties." While, therefore, under our system of pleading, no particular form for the statement of a cause of action is prescribed, and nothing further is required than that the facts constituting the cause of action shall be concisely stated, which pleading shall be liberally construed with a view to substantial justice between the parties, yet the facts constituting the cause of action must be stated in the complaint with sufficient clearness and fullness to enable the court to see that, upon the facts stated, the plaintiff is entitled to the relief demanded, or at least some relief. A court cannot be called upon to supply facts by inference or conjecture. The facts themselves must be stated,—not by way of recital, or by a statement of probative facts, but by direct allegations of the ultimate facts relied on to sustain the action. The complaint in this action is based upon Section 5424, Comp. Laws. This section is found in Chapter 28, Code of Civil Proc. providing for the foreclosure of mortgages by advertisement The first section of the chapter (Section 5411, Comp. Laws) provides that "every mortgage of real property containing therein

a power of sale, upon default being made in the condition of such mortgage, may be foreclosed by advertisement in the cases and in the manner hereinafter specified." Then follow the sections providing for the cases in which such a foreclosure can be made, and the manner of making the same. Then follows Section 5424, which provides as follows: "If, after any such sale, there remains in the hands of the officer, or other person making the sale; any surplus money, after satisfying the mortgage on such real property sold, and payment of the costs and expenses of such foreclosure and sale, the surplus must be paid over by such officer, or other person, on demand, to the mortgagor, his legal representatives or assigns." This being an action founded upon the statute, the plaintiff, to entitle him to recover, must, we think, show by his complaint (1) that a mortgage was executed by the person or persons named, fully describing it and the property mortgaged, and that it contained a power of sale; (2) that under and by virtue of said power of sale the defendant sold the property for a specified sum, which was paid to him; (3) the amount remaining in his hands, as surplus; (4) the mortgage of plaintiff, describing it fully, under which he claims the surplus; and, lastly, a demand and refusal. An examination of this complaint discloses the fact that several of the facts required to be stated are omitted from this complaint. It will be observed that the complaint, after alleging the incorporation of the plaintiff, and the official character of the defendant, avers, in Paragraph 3, that the defendant, acting as such sheriff, and pursuant to a notice of foreclosure, sold the real estate described. There is no allegation of the existence of any mortgage containing a power of sale, or otherwise. No facts are stated from which a court would be authorized to conclude that any mortgage had been given under which a sale could have been made by the defendant. It is not the case of the imperfect or defective statement of a fact which would be made more definite and certain on motion, and therefore admitted by the demurrer, but the omission of the statement of any facts relating to the existence of the mortgage containing a power of sale. To hold the averments of the com-

plaint good in this case would be to require the court to presume, from the allegation, that the defendant sold the property, but there was a subsisting mortgage, that it contained a power of sale, and that the sheriff was authorized to sell. No court, we think, would be authorized to indulge in such presumptions as to facts that should be alleged. The learned counsel for respondent contends that the objections of appellant to the complaint are met by the presumptions with which the sheriff's official acts are clothed. But we do not think the court is required to presume that the sheriff was authorized to make the sale. When the authority to make the sale is shown, the court will presume that the sheriff performed his duty in making the sale. We are of the opinion, therefore, that the absence from the complaint of any facts pertaining to the mortgage under which the sale was made renders the complaint fatally defective.

We are of the opinion, also, that there is no sufficient allegation in the complaint that defendant received $700 on the sale, or any other sum. It is alleged that he sold the property for $700, but it is nowhere alleged that it was paid. Again, there is no allegation that there was a surplus of $160.29, or any other sum, in the hands of the sheriff, arising from such sale. The averment is that defendant made "an affidavit purporting to show the amount received from the purchase; * * * that, according to said affidavit, there remained in the hands of said sheriff the sum of $160.29." There is no direct averment that defendant had that sum as a surplus, and hence no issue could be raised upon the allegation, except an immaterial one as to whether or not defendant made such an affidavit, or whether or not, according to such affidavit, there remained in his hands the sum of $160.29.

It is possible that, in support of a judgment after verdict, the last two objections to the complaint might, by a very liberal construction, be held good, but upon this demurrer we cannot so hold. It is safer for the pleader to state the ultimate facts directly, so that they can be admitted or denied by the defendant, and, if denied, a material issue presented by the pleadings.

The order overruling the demurrer is reversed, and the court below is directed to allow the plaintiff to amend its complaint as it may be advised.

BENNETT, J., concurring.

KELLAM, P. J., *(dissenting.)*   I do not concur in the decision of this case. I do not disagree with what is said as to the effect of an exhibit attached to and made a part of a pleading, if by what is said is only meant that such exhibit cannot take the place of, or dispense with, the allegations in connection with the exhibit necessary to show a cause of action. In presenting a written instrument, either as an exhibit, or in the body of the complaint (its location is immaterial), as the basis of a cause of action, it must still be alleged that the party sought to be charged executed and then violated it. But a complaint which states that A. B. made and delivered to C. D. an instrument, a copy of which is hereto attached and made a part hereof, as "Exhibit A," (such exhibit being a promissory note, and duly attached,) states a cause of action as fully as though all the details of date, amount, time, place of payment, and rate of interest were specifically set out in the body of the complaint and alleged as distinct facts; and yet, tested by the rule of the opinion that "a complaint which does not state a cause of action by its averments, without reference to exhibits, is bad upon demurrer," such a complaint would be worthless, and yet I think the court would hesitate to so hold. I do not think the cases referred to in the opinion, aside from the Missouri cases, support the broad rule therein stated. In Fairbanks v. Bloomfield, 2 Duer. 353, the court said: "The safest course under the code, where the action is founded on an instrument in writing, is to annex a copy, and refer to it as a part of the complaint." In the recent case of Taylor v. Mac-Lea, (City Ct. N. Y.) 11 N. Y. Supp. 640, which was a demurrer to a complaint, upon the ground that it did not state facts constituting a cause of action,—the augument being that the contents of a lease, which was the basis of the action, should have been set out in the complaint according to their legal ef-

fect, instead of attaching a copy as an exhibit,—the court approved the action of the court below in overruling the demurrer quoting the above remark of Judge DUER in Fairbanks v. Bloomfield, and adding: "This, we hold, is good practice." I think the rule, as taught and supported by the constant practice in this jurisdiction, is as stated in Caspary v. City of Portland (Or.) 24 Pac. Rep. 1036: "An exhibit may be made a part of a pleading by marking it so that it may be identified, and reciting in the pleading itself that such exhibit is so marked, and made a part of it." A still more liberal rule as to the effect of an exhibit, attached to and made a part of a pleading, is adopted in Pefley v. Johnson, (Neb.) 46 N. W. Rep. 710, where it is held that, on demurrer, allegations of fact in an exhibit must be taken as true.

Another proposition in the opinion to which I cannot assent is as follows: "There is no allegation of the existence of any mortgage containing a power of sale, or otherwise. No facts are stated from which a court would be authorized to conclude that any mortgage had been given under which a sale could have been made by the defendant;" and the conclusion is that "the absence from the complaint of any facts pertaining to the mortgage under which the sale was made renders the complaint fatally defective." It must be borne in mind that this was an action by the holder of a second mortgage against the sheriff himself, as such sheriff, for a surplus in his hands, as such sheriff, after paying off the first mortgage. The court knows that it is among the official duties of a sheriff to make sale of mortgaged premises under proceedings to foreclose by advertisement. Section 5415, Comp. Laws. It is distinctly alleged in the complaint that defendant is and was sheriff of Day county, and that he made the sale as such sheriff, in pursuance of a notice, a copy of which is set out as a part of the complaint. This fact is admitted by the demurrer. Was it necessary, then, as against the sheriff, to expressly and affirmatively allege that he was authorized to make such sale? In other words, is it incumbent upon a third person who seeks to recognize the official acts of this sheriff, and predicate a right thereon

to first show, as against the sheriff, that such acts were not il-legal and without authority? I think not. The conditions which would, under the statute, justify a sale, are (1) a mort-gage with power of sale; (2) default in some condition of the mortgage; (3) no other action or proceeding to recover the mortgage debt; and (4) that the mortgage has been duly re-corded. All these are conditions precedent to the right to fore-close, and the non-existance of any one of them is fatal to the sheriff's authority to sell. As I understand the opinion of the court, it requires the complaint in this case to expressly allege that all these conditions have been met. I think that, as against the sheriff, who could only have lawfully made this sale in case these facts did exist, and who admits that he did make the sale, the presumption is, without express averment, that he acted as and when he had a right to act; and that, if he desires to defend against this claim on the ground that he acted illegally and without authority in making the sale, he must set up such facts in his answer. State v. Carter, 6 Ind. 37, was an action on the bond of a justice of the peace, to recover money alleged to have been collected by such justice on a claim appar-ently without the jurisdiction of such justice, but the court said: "As Dugan receipted for the note as justice of the peace it will be presumed against him and his surety that the had the power to give his receipt as such, and that his act was legal until the contrary was shown." I think the same rule should apply to the sheriff in this case. He admits that, as sheriff, he advertised and sold the premises in foreclosure of the first mortgage. In an action to compel him to account for the pro-ceeds of the sale, while it would be better pleading to do so, I do not think it indispensable to specifically allege the existence of all the conditions which must have preceded the sale, in or-der to make it legal. As against him, it would be presumed that he had the authority to sell, "and that his act was legal until the contrary is shown."

The opinion of the court further says: "We are of the opinion, also, that there is no sufficient allegation in the com-plaint that defendant received $700 on the sale, or any other sum."

The allegation of the complaint is definite that, in pursuance of the published notice, he, as such sheriff, offered for sale and sold and mortgaged premises to one Eliza Harris, "for the sum of $700," and delivered to her a certificate of sale, a copy of which is attached to and made a part of the complaint. He could legally have delivered such certificate to the purchaser only on payment of the purchase price, and the certificate which he was required to and did give to the purchaser distinctly stated, as the law prescribed that it should state, that "the whole price paid" was $700. He could neither have made the sale, nor delivered his certificate to the purchaser, without payment of the purchase price; and, having done both, as is alleged in the complaint, and admitted by the demurrer, the law presumes he received the money. It seems to me that, upon this point, the opinion reverses the usual presumption of the regularity of official proceedings, and teaches a doctrine opposed to all precedents. Such pleading is not to be commended, but I am unwilling to say that the facts stated in the complaint, with the legal presumptions which legitimately spring from them, do not constitute a cause of action against the sheriff. I think the judgment of the court below, overruling the demurrer to the complaint, should be affirmed.