FIRST NATIONAL BANK OF BATON ROUGE v. DAKOTA FIRE
AND MARINE INSURANCE CO.

In an action on an insurance policy, by the terms of which a loss is not payable until 60 days after notice and proofs of loss are made by the assured and received by the company, a complaint that states that such notice and proofs were made immediately after the fire, but neither states nor shows upon its face that 60 days thereafter had elapsed before the commencement of the suit, fails to state a cause of action.

(Syllabus by the court. Opinion filed Dec. 27, 1894.)

Appeal from circuit court, Davison county. Hon. D. Haney, Judge.

Action by First National Bank of Baton Rouge against the Dakota Fire & Marine Insurance Company, on a fire insurance

policy. Judgment was rendered for plaintiff, and defendant appeals. Reversed.

The facts are stated in the opinion.

*J. L. Hannett*, for appellant.

The facts constituting a cause of action must be stated in the complaint with sufficient clearness and fulness to enable the court to see that upon the facts stated the plaintiff is entitled to the relief demanded, or at least to relief. If the complaint is on a contract its terms and conditions should be set out and their fulfillment by the plaintiff on his part. Doyle v. Ins. Co., 44 Cal. 268; Carberry v. Ins. Co., 51 Wis. 605; Cowaws v. Ins. Co., 20 Pac. 408; Aultman v. Siglenger, 50 N. W. 912.

*A. E. Hitchcock*, for respondent.

Grounds of demurrer must appear from the allegations as made in the complaint and not from want of allegations. 2 Dak. 290. On demurrer the court should not pay any attention to forms if it can find in the complaint any allegations which under any view may give the plaintiff a right to recover. Butterworth v. O'Brien, 24 How. Pr. 438; County v. Crockett, 4 S. W. 609; People v. Mayor, 28 Barb. 240; Buzzard v. Knapp, 12 How. Pr. 504; Chambers v. Hoover, 13 Pac. 466; Singleton v. O'Blenie, 25 N. E. 154; Rankin v. Sistere, 22 Pac. 1134; O'Hanlon v. Druveir, 22 Pac. 407. The modern rule of construction is that the meaning of the word *immediately* is within a reasonable time. Swan v. Ins. Co., 96 Pa. St. 301; Franklin Ins. Co. v. Sears, 21 Fed. 290; Cammell v. Beaver, 39 N. C. 2; 2 Wood F. Insurance, 930. When the facts are undisputed, what is a reasonable time is a question for the court to determine. Mispelhorn v. Ins. Co., 53 Md. 473; May Insurance 700; Kimball v. Ins. Co., 8 Gray 33; Bennett v. Ins. Co., 67 N. Y. 274. If the facts alleged constitute a cause of action when the demurrer is filed it must be overruled. Smith v. Holmes, 19 N. Y. 271; Maynard v. Talcott, 11 Barb. 569.

Fuller J. This was an action on a fire insurance policy covering certain property mentioned in the complaint, and par-

ticularly described in said policy of insurance, to the provisions of which the pleader directs special attention by making profert thereof, and by attaching the same to his complaint, and by the use of the following averment: "Which property is more fully described in the policy of insurance, a copy of which is hereunto annexed, marked 'Exhibit A,' and is expressly made a part of this complaint." From the recitals of this policy, we quote the following: "The amount of loss or damage to be estimated, · * * * and to be paid to the assured or his legal representatives sixty days after due notice and satisfactory proofs of the same are made by the assured, and received in their office in Mitchell, in accordance with the terms of this policy. * * *" On the ground that the complaint does not state facts sufficient to constitute a cause of action, defendant and appellant demurred in the court below; and from an order overruling the demurrer, and from a judgment entered thereon this appeal is taken.

The only objection urged and relied upon for a reversal of the judgment is that the complaint fails to state that 60 days had elapsed and expired after notice and proof of loss had been made, and before the commencement of the action. Evidently plaintiff's object in bringing suit was to recover judgment against defendant for an amount considered due at the commencement of the action, according to the terms of the contract of insurance; and unless the complaint states facts sufficient, if proved, to support a judgment, the demurrer should have been sustained. Unless the existence of a cause of action due and enforceable at the commencement of the suit is disclosed by its averments, the complaint does not contain a plain and concise statement of the facts constituting a cause of action, and fails to meet the statutory requirements in that regard. Comp. Laws, § 4970. The demurrer based upon the ground that the complaint does not state facts sufficient to constitute a cause of action presents for the consideration of the court the entire pleading assailed; and the contract of insurance, made a part

of the complaint, should be considered, so far as material, in testing and determining the sufficiency thereof.    To the facts stated, and to their reasonable inferences, the evidence must be directed and confined; and when, by the omission of a material averment, a complaint fails to state a present liability existing in favor of the plaintiff and against the defendant, the question may be raised by demurrer.

The stipulation contained in the contract of insurance, which is made a part of the complain, gave defendant 60 days in which to consider the proof of loss, after the same was furnished by plaintiff and received at the home office of defendant, and for the purpose of exercising its rights to investigate the origin and circumstances of the fire, the extent of the loss, its liability, if any, to pay the same, or repair or rebuild, at its option, under the provisions of the policy, it was deemed necessary to insert in said contract of insurance a provision which specifically, and by express terms, deferred plaintiff's right, in case of loss, to demand payment or enforce collection thereof until the expiration of 60 days from the time due notice and satisfactory proofs of loss were made by the assured, and received by the company at its principal office; and, in order to state a cause of action based upon such policy of insurance, it must affirmatively appear from the allegations of the complaint that proofs of loss had been furnished 60 days prior to the commencement of the action; and in the absence of an averment of that character, or something upon the face of the complaint to show that a cause of action had accrued, a court, in order to sustain such complaint on demurrer, will neither judicially notice material extrinsic facts, assume their existence, nor read them into the complaint.    In C. Aultman & Co. v. Siglinger, this court, speaking through our present presiding justice, said: ''The facts constituting the cause of action must be stated in the complaint with sufficient clearness and fullness to enable the court to see that, upon the facts stated, the plaintiff is entitled to the relief demand, or at least some relief.    A court

cannot be called upon to supply facts by the inference or conjecture. The facts themselves must be stated,—not by way of recital, or by a statement of probative facts, but by direct allegations of ultimate facts relied on to sustain the action." 2 S. D. 446, 50 N. W. 911. In the light by which we think the complaint should be viewed, it appears therefrom that nothing would be due and collectible, under the provisions of the policy, until 60 days after proof of loss had been furnished thereunder; and the averments that, immediately after the destruction of the insured property by fire, notice of loss was sent to defendant, and that immediately thereafter proof of loss was rendered as required by the terms of the policy, is essentially indefinite and uncertain as to when such notice was given or proofs furnished, and is wholly insufficient to justify an inference that 60 days thereafter had expired before the commencement of this suit; and the complaint therefore fails to show that any money is due from defendant to plaintiff, and therefore fails to state a cause of action. Carberry v. Insurance Co., 51 Wis. 605, 8 N. W. 406; Cowan v. Insurance Co. (Cal.) 20 Pac. 408; Doyl v. Insurance Co., 44 Cal. 264; Perry v. Assurance Co., 8 Fed. 645.

We think the court should have sustained the demurrer, because the complaint fails to show that 60 days had elapsed after due notice and satisfactory proofs of loss had been rendered by the assured to the defendant, as required by the policy upon which the action is based. The order overruling the demurrer is therefore reversed.

KELLAM, J., took no part in the decision of this case.

CORSON, P. J. I concur in the opinion of my associate, Judge FULLER, for the reason that a majority of the members of this court, as now constituted, are of the opinion that this court should not, in the future, regard the decision in C. Aultman & Co. v. Siglinger, 2 S. D. 442, 50 N. W. 911, as binding upon the court, so

far as it holds that exhibits annexed to the complaint are not to be considered, in determining the sufficiency of the complaint on demurrer. While my own views, as expressed in the opinion in that case, remain unchanged, it is my duty, nevertheless, in the decision of cases in which the question of exhibits is involved, to follow the views held by a majority of the court. Therefore, treating the policy annexed to the complaint in this case as a part thereof, it would seem to follow from the reasoning of Judge FULLER, and the authorities cited in the opinion, that the complaint must be held insufficient, in that it fails to allege that 60 days had elapsed after the proofs were made and delivered to the defendant company before the commencement of this action, and that the order of the circuit court, overruling the demurrer, should be reversed. I may add, in conclusion, that the order of the court below, overruling the demurrer in the case at bar, was made prior to the decision in the Aultman Case, and hence that decision could not have influenced the court below in its ruling upon the demurrer now before us.