## CRANMER v. KOHN *et al.*

1. A copy of an instrument sued on, attached to the complaint as an exhibit, becomes a part of it, and must be considered in determining its sufficiency.

2. A question decided in a case on appeal becomes the law of the case.

3. An objection that the jury took a memorandum of a calculation of the amount of the recovery made by the judge to their room will not be considered, unless the record affirmatively shows that such record was so taken.

4. Under a notice of intention to move for a new trial because of excessive damages, insufficiency of evidence, and errors in law, the objection that the court permitted the jury to take improper papers to their room cannot be considered, since that is an irregularity, and hence a distinct ground for new trial, under Comp. Laws, § 5088.

5. Under said section, the objection that the verdict was returned in the absence of the stenographer, sheriff, and defendant, and after the court had adjourned until, the following day, cannot be considered under such notice.

6. Where the amount of the recovery was a fixed percentage on a sum to be found, it was not error in the charge to compute the percentage on different sums, and tell them that the result would be the amount of the verdict, if they found the sum on which the percentage was to be computed identical with the sum used, where the jury was told that the figures used only indicated the method of computation to be followed.

7. Where, in an action for wrongful discharge of a servant, whose compensation was to be a fixed sum if his sales reached a certain sum, and a

percentage if less, the only issue was as to the amount of sales, if he had been permitted to complete his term, it was proper to submit that issue to the jury, and tell them that, if they found his sales reached the required sum, his compensation would be the unpaid balance of the stipulated amount.

8. Under Comp. Laws, § 5057, providing that, in respect to a cause submitted to the jury, the court shall remain open until the rendering of the verdict, in spite of adjournments from time to time in respect to other business, the court may receive a verdict after having adjourned to the following day.

9. A verdict is presumed to have been regularly received, in the absence of a contrary showing.

(Opinion filed October 18, 1898.)

Appeal from circuit court, Edmunds county. Hon. A. W. CAMPBELL, Judge.

Action upon contract for services by Isaac W. Cranmer against Joseph Kohn and another. There was a judgment for plaintiff, and defendants appeal. Affirmed.

The facts are stated in the opinion.

*George W. Case,* for appellants.

*S. H. Cranmer,* for respondent.

HANEY, J. This action is founded upon a written contract, by the terms of which plaintiff was to be employed by defendants as a traveling salesman from January 1 to December 31, 1888. If his sales during the year reached $50,000, he was to receive $2,200; if they exceeded $55,000, he was to receive in addition 6 per cent. on the excess; and if they did not reach $50,000, he was to receive seven and three-fifths per cent. upon the sales actually made. And he was to be allowed not more than $1,600 for traveling expenses while traveling in the service of defendants. Plaintiff was engaged in the service of de-

fendants from January 1, until October 1, 1888, when, as the undisputed evidence discloses, he was discharged without legal excuse. It is also shown by undisputed evidence that his sales during such time amounted to $35,899.50, his expenses to $1,250, and that he has received from defendants $2,472.50. Hence he has received $1,222.50 as compensation for his services during the nine months he was permitted to work under the contract. The verdict was in favor of plaintiff for $886, with interest at 7 per cent. from January 1, 1889.

A copy of the contract is referred to in the complaint, and attached thereto as an exhibit. At the beginning of the trial, defendants moved to strike out this exhibit, on the ground that it is redundant and irrelevant, and no part of the complaint. Their contention that the court erred in denying this motion is based upon the decision of this court in Aultman & Co. v. Siglinger, 2 S. D. 442, 50 N. W. 911. It is untenable. That case, so far as it relates to the effect to be given exhibits attached to pleadings, had been reversed when the court below made the ruling of which defendants complain. First National Bank v. Dakota Fire & Marine Ins. Co., 6 S. D. 424, 61 N. W. 439.

Defendants objected to the introduction of any evidence, upon the ground that the complaint does not state facts sufficient to constitute a cause of action. The objection was properly overruled. The same question was decided by this court upon a former appeal. Cranmer v. Kohn, 7 S. D. 247; 64 N. W. 125. Such decision became the law of the case. Wright v. Lee, (10 S. D. 263) 72 N. W. 895; Bem v. Shoemaker (10 S. D. 453) 74 N. W. 239. Upon the former appeal it was held that the amount of plaintiff's damages should depend upon the sales he would have made during the year had he been permitted to complete

his contract, and the court indicated the method of ascertaining the amount of such sales. Cranmer v. Kohn, *supra.* The law of the case was thus established, and it was the duty of the trial court, in ruling on the introduction of evidence and in charging the jury, to follow the law as declared by this court upon the former appeal. This was done in relation to the introduction of evidence.

Under the pleadings and uncontradicted evidence there was but one question for the jury, namely, the amount of plaintiff's recovery. The court, in charging the jury, used the following language: "If you find from the evidence in this case that, had he continued in their employment during the year, he would have sold $50,000 worth of goods, then the amount which he would have been entitled to recover in this action would be the salary of $2,200, less the amount which has been paid him as salary, and it is admitted that $1,324 had been paid him as salary. The balance paid was paid and expended as expenses. And, if you find he would have sold $50,-000 worth of goods, the balance now due him would be $876, with interest from the time of the termination of the contract up to this date; and that, in this case, would be the amount of your verdict. I have made up several lists of figures, which you may take to the jury room. These figures are simply used to show you the method of making the computations. You are not to be guided by the figures the court makes, but it will show you the method of computation. If you find he would have sold $45,000 worth of goods had he continued in the employment of the defendants, you would figure seven and three-fifths per cent. of $45,000, which would amount to $3,420 for the year. The estimated expenses which are provided by the

contract for the year are $1,600. Deducting that from total amount of sales had there been $45,000 worth sold, would leave a salary to him of $1,820. He has received as salary, $1,324, and, if you find he would have sold $45,000 worth of goods, there would be a balance due him of $496. We have computed it again in the same manner on the supposition that he would have sold $48,000 worth of goods. If he sold $48,000 worth of goods, seven and three-fifths per cent. of that would make $3,648. Deduct from that $1,600, the estimated expense for the year as provided in the contract, and that would leave him a salary of $2,048. $1,324 has been paid, and in that case he would now be entitled to a verdict of $724. Here is another set of figures, on the assumption that he would have sold $42,-000 worth of goods: Seven and three-fifths per cent. of that amount is $3,192; estimated expenses in contract, $1,600. That would leave him a salary for the year of $1,492. He has received $1,324. In that case he will still be entitled to $168. Here is the fifth one, at $40,000: Assuming you find he would have sold $40,000, seven and three-fifths per cent. of that amount would be $3,048; less $1,600, estimated expenses, would leave him an income of $1,440. He has received $1,324, and, in case you find that he would have sold $40,000 worth of goods, there would be a balance still due him of $126, As I said, those figures do not indicate anything; but, when you shall have determined the amount of goods he would have sold, you can compute it in that manner, and ascertain how much is still due him." In the first paragraph of the portions of the charge we have quoted there is an error in the amount received by plaintiff as salary, or there is an error in the record concerning the evidence of plaintiff. According to the record,

plaintiff testified that he paid out during the year for traveling expenses $1,250, and that he had received from defendants altogether $2,472.50. If these figures are correct, the court should have stated in its charge that plaintiff had received as salary $1,222.50, in place of $1,324; but the error, if any was made in the charge, was in favor of defendants, and they cannot complain.

It is contended that the lists of figures mentioned in the charge should not have been taken by the jury in their retirement. This objection is not available. The record does not show affirmatively that the lists were in fact taken by the jury in their retirement, and, should it be assumed that they were sent to the jury by the court, the error, if any was committed, was an irregularity in the proceedings of the court,—a cause for new trial not designated in defendants' notice of intention.

It is further contended that the charge is misleading, and takes questions of fact from the jury. This contention is untenable. The jury was plainly and repeatedly told the figures used by the court indicated nothing more than the method of computation to be followed in determining the amount of plaintiff's recovery after the amount of sales was ascertained. No person of ordinary intelligence could fail to understand the meaning of the charge in this respect. If courts cannot assume that jurors possess ordinary intelligence, trial by jury might better be abolished.

Defendants' thirty-third assignment of error is in this language: "The court erred in giving to the jury the following instructions: 'And, if you find he would have sold $50,000 worth of goods, the balance would be $876 with interest from the time of the termination of the contract up to this time; and

that, in that case, would be the amount of your verdict,'—as contrary to the evidence, and being a question for the jury, and not for the court." As heretofore stated, the evidence was undisputed as to the amount of sales when plaintiff was discharged. It was undisputed as to the amount of expenses, and amount received by plaintiff.' Hence the only question for the jury was the amount of sales that would have been made had plaintiff been permitted to complete the contract. This—the only question for the jury—was not decided by the court, but given to the jury with proper directions as to the method of computing the balance due plaintiff should the sales be found to be $50,000. If there was any error in this portion of the charge, it was, as heretofore observed, in stating the amount received by plaintiff, and that was an error in favor of defendants. As we view defendants' exceptions, what has been said disposes of all the objections to the charge which merit attention.

The jury having retired for deliberation, the court adjourned until the following morning, when, upon inquiry of counsel for defendants, the court stated that "the jury returned a verdict about 11 o'clock last night." Thereupon counsel noted numerous exceptions or objections to the verdict, on the grounds, among others, that it was returned in the absence of defendants, in the absence of the sheriff and stenographer; that it was returned in the nighttime, and recorded without any exceptions being allowed, and no opportunity given to poll the jury. These and other objections are alleged in the exceptions, but the record nowhere discloses the facts upon which they are predicated, except that the court adjourned or took a recess until the following morning, and that the verdict was re-

ceived at 11 o'clock at night.    ''While the jury are absent the court may adjourn from time to time, in respect to other business, but it is nevertheless open for every purpose connected with the cause submitted to the jury until a verdict is rendered or the jury discharged.''   Comp Laws, § 5057.   The verdict is deemed excepted to.   Id. 5080.   In the absence of any showing to the contrary, it must be presumed that it was properly received.   If, however, there was any irregularity in this respect, defendants are not in position to take advantage of it, for the reason that only three causes for a new trial are designated in their notice of intention, namely, excessive damages, insufficiency of the evidence, and errors of law occurring at the trial, neither of which includes the matter complained of by defendants.   Id. § 5088.   We think the evidence sufficient to justify the verdict, that the court properly applied the law of the case as declared by this court on the former appeal, and that the judgment should be affirmed.

FULLER, J., took no part in the decision.