## THOMAS v. DOUGLAS COUNTY.

1. Under Laws 1895, Chap. 63, § 1, which provides that no suit shall be instituted against a county to enforce the collection of a claim unless such claim has been duly presented to and acted upon by the board of county commissioners, it is not essential that a claim so presented shall contain a complete statement of a cause of action, but, if it is fully itemized and contains a statement of the facts that will enable the board to understand and determine it upon its merits, it is sufficient.

2. Comp. Laws, § 1413, which requires a sheriff to indorse a statement of his fees upon any warrant or process in which the state or county is interested, and to file the same with the clerk of the court before judgment is pronounced in the action, and prohibiting the county commissioners from allowing such fees where he fails to do so, does not prohibit

the allowance of the fees and expenses of a sheriff as agent for the state in bringing back a fugitive from justice upon an extradition warrant because it is not shown that he has filed such statement with the examining magistrate.

(Opinion filed August 29, 1900.)

Appeal from circuit court, Douglas county. Hon. E. G. SMITH, Judge.

Action by A. W. Thomas against Douglas county. From an order overruling a demurrer to the complaint, defendant appeals. Affirmed.

The facts are stated in the opinion.

*John T. Mathews*, for appellant.

*J. W. Lindsay* and *E. P. Wanzer*, for respondent.

FULLER, P. J. To recover statutory fees and expenses necessarily incurred in the pursuit and apprehension of certain extradited fugitives from justice, duly charged in Douglas county before a justice of the peace with the crime of adultery, this action was instituted by a sheriff, and the defendant appeals from an order overruling a demurrer to the complaint.

Whether it appears from the complaint that Section 1, Chap. 63, Laws 1895, has been substantially complied with, is the first question presented for consideration. So far as material to this case, the provision reads as follows: "No suit shall be instituted against any county of this state to enforce the collection of a claim against said county, unless said claim has been duly presented to and acted upon by the board of commissioners of such county." The complaint embraces three separate causes of action of the same import, and in each irstance it is alleged that duly-verified itemized accounts were filed with

the county auditor, and presented to the board of county com-
missioners on the 29th day of April, 1899, for allowance, and at
a regular meeting of said board held on the 5th day of June
following the entire claim evidenced by said itemized bills was
by the board acted upon and disallowed. These verified item-
ized bills or accounts attached to and made a part of the com-
plaint are so very specific as to the respective official acts per-
formed and items of expense incurred that no valid objection
thereto can be urged; and the contention that the commission-
ers are, by Section 1413 of the Compiled Laws, prohibited from
allowing any compensation to the sheriff for any item of his
demand for the reason that it was not affirmatively shown that
he has made the return there provided for, is without merit.
Strictly speaking, respondent was not acting in his capacity as
sheriff of Douglas county, but in the employ of the state pur-
suant to the following extradition statute, with which he fully
complied: "Whenever the governor of this state shall demand
from the executive authority of a state or territory of the Unit-
ed States, or of a foreign government, the surrender to the au-
thorities of this state of a fugitive from justice, the accounts
of the persons employed by him for that purpose must be paid
out of the county treasury of the county where the crime is
alleged to have been committed and to which said fugitive is
returned for trial. Provided, that the persons employed by
virtue of this section shall receive for their services three dol-
lars ($3.00) per diem and actual expenses while actually and
necessarily employed and no more." Section 1, Chap. 71, Laws
1891. From the complaint and the exhibits attached thereto,
which must be considered in determining its sufficiency (Cran-
mer v. Kohn, 11 S. D. 245, 76 N. W. 937), it clearly appears

that the persons named had been duly charged with an extraditable crime before a justice of the peace in Douglas county, who had issued a warrant for their arrest commanding any sheriff, constable, marshal, or policeman of the county to bring them before sugh magistrate forthwith at his office in the town of Armour, in said county. It is further shown that the accused were both fugitives from justice, having fled from Douglas county, S. D., to the city of Galveston, in the state of Texas, from whence they were promptly brought by respondent under a requisition issued by the governor of this state, and pursuant to the direction thereof, to Douglas county, S. D., and on the 19th day of December, 1898, given into the custody of the sheriff of that county. Finding the statements of account presented to the board of county commissioners and the complaint based thereon amply sufficient, the order overruling the demurrer is affirmed, and the case remanded for such further proceedings as may be deemed proper in the premises.