## MURTHA v. HOWARD.

A statutory notice of an election contest, which recites that the grounds upon which plaintiff will contest defendant's right to the office and upon which he claims the office for himself "are set out in the hereunto attached complaint, which said complaint is hereby made a part of this notice," makes the complaint a part of the notice of contest, and the recitals thereof should be considered in determining the sufficiency of the facts upon which contestant relies.

Rev. Pol. Code, § 1995, requires any person contesting an election to furnish sufficient surety for costs as provided in the Code of Civil Procedure. Rev. Code Civ. Proc. § 437, provides that, where security for costs has been given and is insufficient, defendant may move for additional security, and, if the additional security is not given within a reasonable time to be fixed by the court, the action may be dismissed. *Held*, that, where contestant in an election contest gave insufficient security for costs, the court should not have dismissed the contest, in the absence of a showing that contestant acted in bad faith, until a motion for additional security had been made and granted and the time fixed by the court for giving such security had elapsed.

(Opinion filed, Oct. 28, 1905.)

Appeal from Circuit Court, Potter County. Hon. LORING E. GAFFY, Judge.

Statutory election contest by T. F. Murtha against S. M. Howard. From an order of dismissal, contestant appeals. Reversed.

*Horner & Stewart, Albert Gunderson,* and *T. F. Murtha,* for appellant. *S. M. Howard,* pro se.

FULLER, P. J. At the November, 1904, election the parties to this statutory contest were opposing candidates for the office of state's attorney of Potter county, and in support of an order dismissing the proceeding on demurrer respondent contends that the

facts stated in the notice of contest are insufficient, and that no se-
curity for costs was furnished as required by statute. It may be
well conceded that the facts and grounds upon which appellant re-
lied do not sufficiently appear in what respondent considers to be the
only statutory notice of contest, but a connected paper, duly verified
and concurrently served and filed therewith, contains a plain and
concise recital of facts, which, if true, are abundantly sufficient to
entitle appellant to the office, and the same is referred to in the no-
tice as follows: "You will further take notice that the grounds upon
which said plaintiff will contest your right to said office, and the
grounds upon which the plaintiff claims said office for himself,
are   set   out   in   the   hereunto   attached   complaint,   which
said complaint is hereby made a part of this notice." Though
the practice is informal and plainly unnecessary in a proceeding of
this character, the so-called complaint was made a part of the notice
of contest, and according to all modern authority and the uniform
decisions of this court since disaffirming the case of Aultman. & Co.
v. Siglinger, 2 S. D. 442, 50 N. W. 911, the recitals thereof ought
to have been considered in determining the sufficiency of the facts
and grounds upon which the contestant relied. First Nat. Bank v.
Dakota F. & M. Ins. Co., 6 S. D. 424, 61 N. W. 439; Cranmer v.
Kohn, 11 S. D. 245, 76 N. W. 937; Thomas v. Douglas County,
13 S. D. 520, 83 N. W. 580. As proof of the specific facts stated
at great length in this misnamed portion of the notice, which was
duly verified and served within the time prescribed by statute, would
entitle the contestant to prevail, it is needless to determine whether
"may" means "must," as used in section 1988 of the Revised Polit-
ical Code, providing that the notice of contest "may be verified as
a pleading in a civil action."

Before serving the notice of contest, appellant procured one D.
O'Connor to indorse the same, as surety for costs, and at the hear-
ing of a motion to dismiss the proceeding directed thereto the se-
curity for costs was very properly held insufficient, but the contest-
ant thereupon offered to give sufficient surety which offer was de-
nied by the trial court. Section 1995 of the Revised Political Code
is as follows: "Any person bringing a contest under the provisions

of this article must, before bringing the same, furnish good and sufficient surety for costs as provided in the code of civil procedure, and the obligation of such surety shall be completed by simply endorsing the notice of contest as security for the costs." In the absence of anything to show that this ineffectual attempt to furnish good and sufficient surety for costs was made in bad faith, the proceeding ought not to have been dismissed until a motion upon notice for additional security had been made and granted and the time fixed by the court for giving of such security had elapsed. Section 437, Rev. Code Civ. Proc. In conformity with the practice suggested by our statute, an able author of an article on "Costs" cites numerous authorities to support his text as follows: "If there has been an attempt to comply with the law by giving security, but it is for any reason defective, the cause should not be dismissed, without giving the party an opportunity to give additional and sufficient security." 11 Cyc. 190.

For reasons herein expressed, the notice of contest is held to be sufficient, and the order appealed from is reversed and the case remanded, with the direction that appellant be given a reasonable opportunity to furnish good and sufficient surety for costs in the manner provided by law.