LAWRENCE, Plaintiff, v. HUGHES, Circuit Judge, Defendant.

(156 N. W. 904.)

(File No. 3990.    Opinion filed March 16, 1916.)

**1.    Mandamus—Alternative Writ Against Circuit Judge—Attorney's Affidavit, Distinguished from Return.**

In a mandamus proceeding against a circuit judge, in which an alternative writ had issued requiring defendant to dismiss an action or show cause, etc., **held,** that a statement in an affidavit made by an attorney who confessedly appeared for parties other than defendant, that he was requested by defendant to appear and make such showing as deemed by affiant advisable, is not a return by the defendant to the writ.

2.  Costs—Security for Costs—Assignment of Judgment as Security,
    Effect as to Costs—Accrued Costs—Statute.
        When, after an assignment of a judgment or a cause of action,
    the action is continued in name of original plaintiff, it should for
    the purpose of security for costs, be treated as though no such
    assignment had been made; and, where plaintiff became a non-
    resident, held, that the security required under Code Civ.
    Proc., Sec. 436, providing for security for costs in the manner
    provided in the two preceding sections, such security must be
    unrestricted; Sec. 434 making such security liable for costs
    taxed against plaintiff in both the trial court and that to which
    the cause may be carried.  So held, where the undertaking
    for costs was restricted to costs accruing after date of order
    requiring security for costs, and where the assignees under the
    assignment of judgment held the judgment merely as security
    for plaintiff's indebtedness to them.
3.  Costs—Incomplete Security for—Granting Further Time, or Dis-
    missal?
        In mandamus to require circuit judge to dismiss an action for
    failure to provide a proper cost bond, held, that where assig-
    nee's of plaintiff's judgment in the action had given security
    for such costs only as might accrue after order for security
    for costs had been made, the Supreme Court will give further
    opportunity for furnishing security for costs, and will issue
    peremptory writ against trial judge requiring him to dismiss
    the action unless complete security for costs be furnished within
    a specified time.

Original proceedings in mandamus, by Henry J. Lawrence, against John F. Hughes as Judge of the Circuit Court of the Sixth Judicial Circuit, in and for Sully County. Peremptory writ issued.

*Robert B. Fisk,* for Plaintiff.

*Gaffy & Stephens,* for assignees of judgment.

GATES, J.  In the cause of McGilvery v. Lawrence a judgment was entered in the circuit court of the Sixth judicial circuit within and for Sully county in favor of plaintiff and against the defendant, for $1,944.80 and costs on April 26, 1912. The judgment was assigned to the National Bank of Commerce of Pierre, S. D., by an assignment in writing dated June 26, 1912, and filed in the office of the clerk of said court on August 23, 1912. The assignment recites:

"And same is given as security for the payment in part of a certain promissory note * * * dated December 1, 1911."

In one of the affidavits in the files in said cause it is alleged that the Merchants' Loan & Trust Company of Rapid City, S. D., is owner of said assignment of judgment jointly with said National Bank of Commerce—"said assignment having been made to said corporations equally as security for indebtedness of the plaintiff J. W. McGilvery to them."

Upon appeal to this court the judgment in said cause was reversed and the cause remanded. McGilvery v. Lawrence, 35 S. D, 443, 152 N. W. 698. After the rendition of the judgment in the trial court McGilvery, then a resident of this state, became and still is a resident of the state of Minnesota. After the filing of the remittitur from this court in the trial court Lawrence made a motion for security for costs on the ground that McGilvery was a nonresident of this state. Thereafter and on September 30, 1915, the trial court made an order requiring security for costs or in lieu thereof, ordering a dismissal of the action. On October 26, 1915, an undertaking was filed in said cause binding the sureties—

"to pay such costs in said cause as may accrue or be taxed, or for which the plaintiff J. W. McGilvery may become liable in this cause *after the date of the said order of court requiring the furnishing of security for costs.*" (The italics are ours.)

Thereupon Lawrence served notice upon McGilvery that said undertaking was not accepted because it neither complied with the law nor with the order of court. No further security for costs has been furnished. Thereupon Lawrence, in November, 1915, moved for a judgment dismissing the action for failure to furnish security for costs, which motion was denied by the trial court December 28, 1915.

[1] On March 7, 1916, an alternative writ of mandamus was issued by this court requiring the defendant herein, the judge of said circuit court, to dismiss said action or show cause why he has not done so. Upon the return day the circuit judge neither appeared in person nor by his attorney, but an affidavit was filed by L. L. Stephens who confessedly appears as attorney for the National Bank of Commerce and the Merchants' Loan & Trust Company. In said affidavit it is recited:

"And affiant has been requested by said Hughes to appear

in this proceeding and to make such showing *as is deemed by affiant advisable therein."*

We must and do hold that the circuit court judge has failed to make return to the writ. But if we should hold that the return made by counsel for McGilvery's assignees was a return by the judge, there is no dispute as to the important matters of fact set forth in the application for the writ. We will therefore consider what relief the applicant is entitled to upon his own showing. Sections 433, 434, and 435, C. C. P., govern the usual proceedings in an application for security for costs, in which it is provided that if security be not furnished, the action shall be dismissed at any proper time before judgment. It was argued orally by counsel for the assignees that his clients were now the real parties in interest, and that inasmuch as they were both residents of this state no security for costs could be required, and it was asserted that it was for that reason the trial court made the order of December 28, 1915.

The following questions present themselves. If such contention be correct, would the assignees be liable for the costs which have already been adjudged in Lawrence's favor and his costs upon the first trial in the circuit court if he should ultimately prevail? Under section 430, C. C. P., it is provided:

"In actions in which the cause of action shall, by assignment after the commencement of the action, or in any other manner, become the property of a person not a party to the action, such person shall be liable for the costs in the same manner as if he were a party, and payment thereof may be enforced by attachment."

Does that section apply to one to whom the judgment was merely assigned as security? Even if the assignment of the cause of action were absolute, would the assignee be liable for antecedent costs? Section 91, C. C. P., provides:

"In case of any other transfer of interest, the action shall be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action."

Does that section authorize the substitution of a party as plaintiff who is only an assignee for security? Does an assignee

of a judgment simply for security become an assignee of the cause of action after the judgment has been vacated?

These are questions that ought not to be decided, except in an action or proceeding in which the assignees are actual parties. It seems to us that defendant ought not at this time to be left in uncertainty as to whether he has or has not security for costs. We ought not to put him off until the end of the litigation when, if successful, he may meet the possible defense that the assignees are not liable for the costs antedating the order of September 30, 1915, because they were assignees simply for security.

[2]    Without deciding any of the above questions, we are of the opinion that when, after assignment, an action is continued in the name of the original plaintiff it should, for the purpose of security for costs, be treated as though no such assignment had been made. In this view the security furnished is manifestly incomplete under the provisions of the order of September 30, 1915, and of section 436, C. C. P., which provides:

"If the plaintiff in an action, after its commencement, become a nonresident of the state, he shall give security for costs in the manner and under the restrictions provided in the two preceeding sections."

The liability of a surety for costs must, under the provisions of that section, be unrestricted.

[3]    How then should we dispose of the case? Should we direct the trial court to dismiss the action or should we give a further opportunity for the furnishing of security for costs? We think we should follow the latter course. In Murtha v. Howard, 20 S. D. 152, 105 N. W. 100, this court quoted with approval the following from 11 Cyc. 190:

"If there has been an attempt to comply with the law by giving security, but it is for any reason defective, the cause should not be dismissed, without giving the party an opportunity to give additional and sufficient security."

Such is this case. There has been an attempt to furnish security which we find insufficient.

A peremptory writ of mandamus will issue requiring the defendant as judge of said court to dismiss the said action, unless full and complete security for costs be furnished. Inasmuch as it appears from the files in this matter that a term of court

will be held in said county of Sully on March 28, 1916, such security should be furnished not later than March 20, 1916. This being a proceeding against a circuit court judge, no costs will be taxed.