SOGN, Respondent, v. KOETZLE et al., Appellants.

(160 N. W. 520.)

(File No. 3949.    Opinion filed December 20, 1916.)

1.  Corporations—Pleadings Against—Complaint on Surety Bond—
    Bond Attached to Complaint, Allegation of Incorporation,
    Sufficiency.

    A complaint in a suit against a corporation, having at-
    tached thereto and made part thereof a copy of the surety bond
    sued on, which bond recites that the surety was the officer of a
    corporation, and the acknowledgment thereto shows that the
    party executing same was a corporation, is not demurrable for
    failing to allege incorporation of defendant; following First
    National Bank of Dakota F. & M. Co., 6 S. D. 424, 61 N. W.
    439.    Held, further, that, the action being upon express con-
    tract, which contract is pleaded in haec verba, the complaint
    sufficiently alleges defendant surety to be a corporation; fol-
    lowing Dunlap v. C. M. & St. P. Ry. Co. 32 S. D. 581, 144
    N. W. 226.

2.  Pleadings—Damages for Selling Liquors—Delivery of Surety
    Bond, Allegation, Sufficiency.

    In a suit against a surety upon a surety bond, for damages
    resulting from unlawful sales of intoxicating liquors, a com-
    plaint alleging that defendant as surety executed and delivered
    to the state a certain bond, that the county commissioners
    approved the bond, that the city authorities issued a license
    under which defendants engaged in the business of selling
    intoxicating liquors, sufficiently alleges execution and approval
    of the bond, and also duly alleges its delivery as required by
    Pol. Code, Sec. 2839, requiring that such bond, when executed
    and approved by county commissioners, shall be delivered to
    the county treasurer of the county, since no inference other
    than that delivery was to the county treasurer with approval
    endorsed thereon, as required by said section, can be drawn
    from such allegations.

3.  Intoxicating Liquors—Pleadings—Suit on Surety Bond, for Dam-
    ages—Allegation of Vote on License, Whether Necessary.

    A complaint upon a surety bond executed on behalf of a
    prospective liquor seller, for damages resulting from unlawful
    sales of intoxicants, where the municipality has issued its per-
    mit for sale of such liquors, need not allege that the question
    of sale of intoxicating liquors had been duly submitted and
    voted upon by the qualified electors of the municipality.

4.  Pleadings—Demurrer, Office of—Inferences and Intendments,
    Rule Favoring.

    The office of a demurrer is to raise a substantial issue upon
    the law governing the substantive rights of the parties, and

not to test incompleteness or uncertainty of averments; and whenever facts are alleged from which by making all reasonable inferences or intendments in favor of the party pleading them, it is shown that he has rights which ought to be enforced, the pleading is sufficient upon demurer.

5. **Pleadings—Remedy for Bad Pleading of Good Cause of Action—Incompleteness, Uncertainty—Motion, Not Demurrer.**

Where a pleading which, although stating a cause of action, is incomplete or uncertain in its averments, or fails to state some facts necessary to make a technically good complaint, the remedy of defendant is by motion to compel defendant to conform his statement of facts to rules of good pleading; which motion raises an issue on the law of pleading and practice; and demurrer is not the proper remedy.

6. **Same—Demurrer—Abandonment of, by Answering and Going to Trial.**

Where, after interposition of a demurer to a complaint, defendant answered and went to trial on the merits, the demurer will be deemed abandoned.

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by Mary Sogn, against John Koetzle and another, copartners as Koetzle & Schopf, and the Western Surety Company, to recover damages, upon a surety bond, for unlawful selling of intoxicating liquors. From an order overruling a demurrer to the complaint, defendants appeal. Judgment below affirmed.

*Kirby & Kirby,* for Appellant.

*Tore Teigen,* for Respondent.

(1) To point one of the opinion, Appellants cited: State v. Chicago, Milwaukee & St. Paul R. R. Co., 4 S. D. 261; Texas Mut. Life Ins. Co. v. Davidge, 51 Tex. 244; Rust-Owen Lbr. Co. v. Wellman, 10 S. D. 122.

Respondent cited: Note to Miller v. Mining Co. (Idaho) 35 Am. St. Rep. 291, and cases therein cited; Johnson et al. v. Kindred, 12 N. D. 336, 96 N. W. 588; Mc Pherson et al. v. Fargo, 10 S. D. 613, 74 N. W. 1057; Perris Irr. Dist. v. Thompson, 116 Fed. 837.

(2) To point two of the opinion, Appellants cited: Hillmann v. Gallagher, 120 S. W. (Tex.) 505.

Respondent cited: Garrigan v. Thompson et al., 17 S. D. 132; Palmer v. Schurz et al., 22 S. D. 289; Estes on Pleading, Sec. 319.

(4) To point four of the opinion, Respondent cited: Dunlap
v. Chicago, M. & St. P. Ry. Co., 32 S. D. 591, 144 N. W. 230.

(6) To point six of the opinion, Respondent cited: City of
Plankinton v. Gray, 11 C. C. A. 268, 63 Fed. 415; Everett v.
Buchanan, 2 Dak. 251; Board of Commissioners v. Sherwood, 11
C. C. A. 509, 64 Fed. 103; Rodee et al. v. Seaman, 33 S. D. 184.

SMITH, J.   Appeal from an order overruling demurrer to
complaint.   Action against Koetzle & Schopf, copartners and
retail dealers in intoxicating liquors in the city of Sioux Falls,
and Western Surety Company, bondsman, for damages resulting
from unlawful sales of intoxicating liquors to plaintiff's husband.
The complaint is attacked on two grounds only:   First, that it
fails to show the defendant Western Surety Company to be a
legal entity.   Second, that the complaint fails to show "conditions
precedent to such bond becoming a valid obligation."

[1] Appellant cites State v. C., M. & St. P. Ry. Co., 4 S. D.
261, 56 N. W. 894, 46 Am. St. Rep. 783, Rust-Owen Lumber Co.
v. Wellman, 10 S. D. 122, 72 N. W. 89, and Texas Mut. Life
Ins. Co. v. Davidge, 51 Tex. 244, as sustaining the proposition
urged, viz. that the name Western Surety Company raises no
presumption of incorporation, or that such party is a legal entity
capable of suing or being sued.   Although appellant has omitted
it from the statement of the contents of the complaint set forth
in its brief, the amended statement in respondent's brief discloses
that a copy of the bond sued on, executed by the defendant com-
pany, is attached to and made a part of the complaint.

The bond itself recited that "Western Surety Company, a cor-
poration, as surety, are held and firmly bound," etc.   The ac-
knowledgment attached to the bond recites that:

"John A. Bowler, etc., known to me to be the president of
the Western Surety Company, the corporation that is described in
and that executed the within undertaking," etc.

Also attached to and made a part of the undertaking is an
affidavit of John A. Bowler, stating that:

"He is president of the Western Surety Company, and that
said company is by its charter, etc., and has complied with all the
provisions of the law of the state of South Dakota."

This action is upon an express contract.   Garrigan v. Thomp-
son, 17 S. D. 132, 95 N. W. 294; Palmer v. Schurz, 22 S. D. 289,

117 N. W. 150. This express contract is pleaded in hæc verba as a part of the complaint, and the complaint therefore sufficiently alleges the Western Surety to be a corporation, under the rule announced by this court in Dunlap v. C., M. & St. P. Ry. Co., 32 S. D. 581, 144 N. W. 226; Johnson v. Kindred, 12 N. D. 336, 96 N. W. 588.

In First Nat. Bank v. Dakota F. & M. Co., 6 S. D. 624, 61 N. W. 439, it was held in effect that when an express contract, pleaded in hæc verba and made a part of the complaint, discloses that under the express terms of such contract no present liability exists, a demurrer to the complaint should be sustained. In Aultman v. Siglinger, 2 S. D. 442, 50 N. W. 911, this court held that "a complaint which does not state a cause of action by its averments, without reference to exhibits, is bad upon demurrer," and said exhibits "will not be considered in determining the sufficiency of the complaint." The broad rule thus stated has certainly been abandoned by this court in its later decisions, and the Siglinger case is said to have been overruled in First Nat. Bank v. Dakota F. & M. Co., 6 S. D. 425, 61 N. W. 439. See opinion by Haney, J., in Cranmer v. Kohn, 11 S. D. 246, 76 N. W. 937. See, also, opinion by Fuller, J., in Murtha v. Howard, 20 S. D. 152, 105 N. W. 100, in which he states, in substance, that recitals in exhibits attached to and made a part of a pleading should be considered in determining the sufficiency of facts pleaded "according to all modern authority and the uniform decisions of this court disaffirming the case of Aultman & Co. v. Siglinger."

"As against a demurrer, the office of which is to raise a substantial issue on the law of the case, and not on the law of practice and pleading, evidentiary facts, and even inferences from averments amounting to mere conclusions of law, will be considered in its favor." Dunlap v. C., M. & St. P. Ry. Co., supra.

Under this rule, the recitals in the express contract pleaded in and made a part of the complaint must be considered upon demurrer a sufficient averment that the defendant Western Surety Company is a corporation.

[2] Defendant's further contention that "the conditions precedent to such bond becoming a valid obligation are not alleged" cannot be sustained. The allegation of the complaint is that

"defendant Western Surety Company, as surety, executed and delivered to the state of South Dakota their certain bond," etc., that "the board of county commissioners of Minnehaha county, South Dakota, duly approved said bond, and the city authorities of the city of Sioux Falls issued a license," etc.; and that "under said license said defendants John Koetzle and Jacob Schopf engaged in the business of * * * selling such malt, spirituous, brewed and vinous liquors," etc.

Section 2839, Pol. Code, requires every person about to engage in the business of selling intoxicating liquors at retail to execute a bond with sureties to be approved by the board of county commissioners, which bond when duly executed and approved shall be delivered to the county treasurer of the county.

[3] The complaint sufficiently alleges the execution and approval of such bond, and alleges its delivery as required by this statute. No other inference can be drawn from such allegations except that delivery was to the county treasurer with such approval duly indorsed thereon, as required by the statute. Certainly, as against the defendant surety company, which has executed and delivered its bond as surety to one who proposes to engage in the business of selling intoxicating liquors, which bond has been approved by the board of county commissioners and duly delivered as required by the statute, and where the municipality pursuant to such acts has accepted the license fee and issued its receipt or permit for the sale of intoxicating liquors, no other inference can be drawn than that the question of the sale of intoxicating liquors had been duly submitted and voted upon by the qualified electors of the municipality. But while this is true we are not to be understood as holding that allegations covering the facts referred to as inferences must be affirmatively pleaded in a complaint upon a retail liquor seller's bond. It is unnecessary to determine that question at this time.

[4, 5] We are not to be understood, however, as approving the form of complaint presented in this case. The code practice contemplates a clear and concise statement in a pleading of every fact which must be proved to make out a cause of action or a defense. The rule is so plain and simple that any lawyer who knows what facts are essential to be proved in his case need not

err in his allegations. As was pointed out in the case of Dunlap v. C., M. & St. P. Ry. Co., supra, the office of a demurrer is to raise a substantial issue upon the law governing the substantive rights of the parties, and it is not its function merely to test the incompleteness or uncertainty of averments or even failure to state some facts which should have been stated to make a technically good complaint. Under this rule, whenever facts are alleged in a pleading from which, by making all reasonable inference or intendments in favor of the party pleading them, enough can be seized hold of to show that he has rights which ought to be enforced, such pleading will be held sufficient upon demurrer. But this rule is not intended to justify or excuse bad pleading even of a good cause of action. In such case the remedy for bad pleading is by motion to compel the pleader to conform his statement of facts to the rules of good pleading. Such a motion properly raises an issue on the law of pleading and practice to be applied in the particular case. A demurrer tests the substantive legal rights of parties upon admitted facts including proper and reasonable inferences of law and fact which may be drawn from facts which are pleaded. Tested by this rule we hold the complaint sufficient upon demurrer.

[6] We had supposed the questions discussed herein were settled by the former decisions of this court above referred to. But in view of the fact that counsel for appellant again invoke the former rule upon this appeal, we have deemed it proper to again consider and finally settle it. But aside from the fact that the complaint is sufficient on demurrer, the record discloses that appellant answered and went to trial on the merits. Under the rule announced in former decisions of this court, the demurrer must be deemed abandoned, and for that reason alone the judgment of the trial court would have to be affirmed. Pierson v. Minnehaha County, 26 S. D. 462, 128 N. W. 616, Ann. Cas. 1913B, 386; Sschwitz v. Thomas et al., 160 N. W. 734.

The judgment appealed from is affirmed.